## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

BLANCHE DENISE JACKSON, ELIZABETH
ANN SIFUENTES, ESMERELDA SIFUENTES,
PHILLIP GOLDEN, and WILLIE MARTINEZ
on behalf of themselves and other persons
similarly situated, known and unknown;
.

        Plaintiffs,

                                        Case No. _____

vs.                                        Hon.  _____

MASTRONARDI PRODUCE LIMITED, a
foreign corporation, MASTRONARDI II, LLC,
a Michigan corporation formerly known as
MASTRONARDI PRODUCE-USA, LLC,
MASTRONARDI PRODUCE-USA, INC., a
Michigan corporation formerly known as
MASTRONARDI PRODUCE, INC.,

And

MINUTE MEN, INC. a foreign corporation also
known as MINUTE MEN STAFFING SERVICES,
MINUTE MEN STAFFING OF MICHIGAN,
INC., a Michigan corporation also known as
MINUTE MEN STAFFING SERVICES.

        Defendants.

_____/

John Philo (P52721)
Tony Paris (P71525)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
Attorney for Plaintiff
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
Email: mail@sugarlaw.org
**Attorneys for Plaintiffs**

Stuart Shoup (P73293)
Allyson Oliver (P55020)
KRESCH OLIVER, PLLC
24100 Southfield Rd., Suite 305
Southfield, Michigan 48075
248-327-6556/Fax: 248-436-3385
Email: sshoup@krescholiver.com
**Co-Counsel - Attorneys for Plaintiffs**

_____/

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs, BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ on behalf of themselves and other persons similarly situated, known and unknown, by and through their attorneys MAURICE & JANE SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE and KRESCH OLIVER, PLLC and for their Complaint, do hereby allege as follows:

### I.  NATURE OF PLAINTIFFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Michigan Minimum Wage Law of 1964, MCL 408.381 *et. seq.* ("MCL") for Defendants' failure to pay minimum and overtime wages to Plaintiffs, and other similarly situated employees.  Defendants' unlawful compensation practices have (and have had) the effect of denying Plaintiffs, and other similarly situated employees, their earned wages.

### II. JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over the subject matter of this case pursuant to 28 USC §1331 and 29 U.S.C. §216(b).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

3.     Venue is proper pursuant to 28 USC §1391, since all Defendants reside or are located in this District and the events giving rise to this action occurred in this District.

### III. PARTIES

4.     Plaintiff BLANCHE DENISE JACKSON is employed as a line worker at the Mastronardi food processing facility presently located in Livonia, Michigan.  Plaintiff also worked at previous locations of the Mastronardi facility in Romulus, Michigan. Plaintiff BLANCHE DENISE JACKSON was placed at the Mastronardi facility through Minute Men Staffing Services.

5.     Plaintiff ELIZABETH ANN SIFUENTES was employed as a line worker at the Mastronardi food processing facility then located in Romulus, Michigan.  Plaintiff also worked at previous locations of the Mastronardi facility in Taylor, Michigan. Plaintiff ELIZABETH SIFUENTES was placed at the Mastronardi facility through Minute Men Staffing Services.

6.     Plaintiff ESMERELDA SIFUENTES was employed as a line worker at the Mastronardi food processing facility then located in Romulus, Michigan.   Plaintiff ESMERELDA SIFUENTES was placed at the Mastronardi facility through Minute Men Staffing Services.

7.     Plaintiff PHILLIP GOLDEN is employed as a line worker at the Mastronardi food processing facility presently located in Livonia, Michigan.  Plaintiff also worked at previous

locations of the Mastronardi facility in Romulus, Michigan. Plaintiff PHILLIP GOLDEN was placed at the Mastronardi facility through Minute Men Staffing Services.

8.      Plaintiff WILLIE MARTINEZ was employed as a line worker at the Mastronardi food processing facility presently located in Livonia, Michigan.  Plaintiff WILLIE MARTINEZ was placed at the Mastronardi facility through Minute Men Staffing Services.

9.      Defendant MASTRONARDI PRODUCE LIMITED, (hereafter MASTRONARDI LIMITED), is and was at all times material hereto, a body corporate organized and chartered under the laws of the Province of Ontario and registered as doing business in the State of Michigan.  At all times relevant to this action, Defendant owned and/or operated the Mastronardi food processing facility in Livonia, Michigan and owned and operated the Mastronardi food processing facility when it was located in Romulus, Michigan.

10.      Defendant MASTRONARDI II, LLC, formerly known as MASTRONARDI PRODUCE-USA, LLC, (hereafter MASTRONARDI II), is and was at all times material hereto, a body corporate organized and chartered under the laws of the State of Michigan.  At all times relevant to this action, Defendant owned and/or operated the Mastronardi food processing facility in Livonia, Michigan and owned and operated the Mastronardi food processing facility when it was located in Romulus, Michigan.

11.      Defendant MASTRONARDI PRODUCE-USA, INC., formerly known as MASTRONARDI PRODUCE, INC., (hereafter MASTRONARDI PRODUCE-USA), is and was at all times material hereto, a body corporate organized and chartered under the laws of the State of Michigan.   At all times relevant to this action, Defendant owned and/or operated the

Mastronardi food processing facility in Livonia, Michigan and owned and operated the Mastronardi food processing facility when it was located in Romulus, Michigan.

12.     Defendant MINUTE MEN, INC., also known as MINUTE MEN STAFFING SERVICES, (hereafter MINUTE MEN, INC.), is and was at all times material hereto, a body corporate organized and chartered under the laws of the State of Ohio and was doing business in the State of Michigan.  At all times relevant to this action, Defendant provided staffing services to the Mastronardi food processing facility in Livonia, Michigan and provided staffing services to the Mastronardi food processing facility when it was located in Romulus, Michigan.

13.     Defendant MINUTE MEN STAFFING OF MICHIGAN, INC., also known as MINUTE MEN STAFFING SERVICES, (hereafter MINUTE MEN MICHIGAN), is and was at all times material hereto, a body corporate organized and chartered under the laws of the State of Michigan.  At all times relevant to this action, Defendant provided staffing services to the Mastronardi food processing facility in Livonia, Michigan and provided staffing services to the Mastronardi food processing facility when it was located in Romulus, Michigan.

## IV. COMMON FACTS

14.     Plaintiffs BLANCHE DENISE JACKSON, PHILLIP GOLDEN, and WILLIE HERNANDEZ are current and former line employees of the Mastronardi food processing facility located at 28700 Plymouth Road in Livonia, Michigan.

15.     Prior to occupying the building located at 28700 Plymouth Road in Livonia, Michigan, the Mastronardi facility was located in Romulus, Michigan.

16.     Prior to occupying the building located in Romulus, Michigan, the Mastronardi facility was located in Ecorse, Michigan.

17.     Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, and PHILLIP GOLDEN also worked at the Mastronardi facility when it was located in Romulus and/or Taylor, Michigan.

18.     Defendants MASTRONARDI LIMITED, MASTRONARDI II, and/or MASTRONARDI PRODUCE-USA owned and operated the Mastronardi food processing facility located at 28700 Plymouth Road in Livonia, Michigan.

19.     Defendants MASTRONARDI LIMITED, MASTRONARDI II, and/or MASTRONARDI PRODUCE-USA owned and operated the Mastronardi food processing facility located at 14241 5 M Center Drive in Romulus, Michigan.

20.     At all times relevant hereto, Defendants MINUTE MEN, INC. and/or MINUTE MEN MICHIGAN provided staffing services for the Livonia and Romulus facilities to Defendants MASTRONARDI LIMITED, MASTRONARDI II, and/or MASTRONARDI PRODUCE-USA.

21.     At all times relevant hereto, Defendants MASTRONARDI LIMITED, MASTRONARDI II, MASTRONARDI PRODUCE-USA, MINUTE MEN, INC., and/or MINUTE MEN MICHIGAN were joint employers of the Plaintiffs.  Alternatively, Plaintiffs were employed by Defendants MASTRONARDI LIMITED, MASTRONARDI II or MASTRONARDI PRODUCE-USA, or were employed by some combination of these Defendants as joint employers.  Alternatively, Plaintiffs were employed by Defendants MINUTE MEN, INC. OR MINUTE MEN MICHIGAN or employed by both of these Defendants as joint employers.

22.     At the time of hire, Plaintiffs were informed that they would be paid at the hourly minimum wage rate, then in effect.

23.     During the relevant time periods in this case, the federal minimum wage was $5.15 per hour from September 1, 1997 through July 23, 2007; $5.85 per hour from July 24, 2007 through July 23, 2008; $6.55 per hour from July 24, 2008 through July 23, 2009; and $7.25 per hour from July 24, 2009 through the present.

24.     During the relevant time periods in this case, Michigan's minimum wage was $5.15 per hour from September 1, 1997 through September 30, 2006; $6.95 per hour from October 1, 2006 through June 30, 2007; $7.15 per hour from July 1, 2007 through June 30, 2008; and $7.40 per hour from July 1, 2008 through the present.  Under Michigan law, the employer was and is required to pay tipped employees at least $2.65 per hour in direct wages.

25.     During the relevant time periods in this case, federal and Michigan laws required that the Plaintiffs and all similarly situated individuals receive overtime pay at a wage rate that is and was at least one and one-half times their regular rates of pay for hours worked in excess of 40 in a workweek.

26.     As a condition of work, each of the Plaintiffs and all similarly situated individuals were required to ride in a company van to the Mastronardi facility and to pay approximately $28 per week for such transportation.  This amount was directly deducted from each worker's paycheck. Plaintiffs and all similarly situated individuals were not permitted to drive their own vehicles to the facility or to take public transportation to the facility.

27.     As a condition of work, Plaintiffs, BLANCHE DENISE JACKSON, PHILLIP GOLDEN, and WILLIE HERNANDEZ and all similarly situated individuals who worked at the

Livonia facility were required to purchase, in the amount of approximately $20, an identification badge from Defendants.  This amount was directly deducted from each worker's paycheck. Defendants changed identification badges several times per year and, each time, the workers had the price of a new badge deducted from their paychecks.

28.    The deductions for van rides and identification badges were a policy and practice of Defendants for all workers who were placed at the Mastronardi facility by Minute Men staffing and resulted in all such workers not being properly paid the minimum wage for hours worked.

29.    Plaintiffs and all similarly situated individuals were required to arrive on site and wait off-the-clock in a room at the site for the benefit of the Defendants.  They were not permitted to leave the room, until Defendants' agents instructed them to go into the work area. Typically, the Plaintiffs and all similarly situated individuals were required to wait as long as two hours or more before being called into the work area.

30.    The off-the-clock wait times were a policy and practice of Defendants for all workers who were placed at the Mastronardi facilities by Minute Men staffing and resulted in all such workers not being properly paid at minimum wage and overtime rates.

31.    Plaintiffs and all similarly situated individuals had approximately one to two hours deducted from their paychecks for each day of work.  This time was deducted for a purported lunch hour and rest breaks; however workers were never permitted more than one-half hour for lunch and were not permitted rest breaks.  Workers were frequently required to work through their lunch period.

32.     The lunch hour and break time deductions from workers' hours were a policy and practice of Defendants for all workers who were placed at the Mastronardi facility by Minute Men staffing and resulted in all such workers not being properly paid their minimum wages and overtime.

33.     At times, Defendants time scan clocks were not working or did not work properly. During such periods, Plaintiffs and all similarly situated individuals were not properly credited and paid for hours actually worked.

34.     Defendants unlawfully required employees to pay for misplaced and/or damaged tools of the employer such as vegetable clippers used on the various food lines at the facility. Defendants unlawfully deducted charges for such items from the pay of employees.

35.     Approximately twice per year, Defendants assessed an "immigration paper work fee" upon each employee.   Defendants unlawfully deducted such fees from the pay of employees.

36.     The Defendants' books and records are material to Plaintiffs' action as they disclose relevant information concerning Defendants' policies and practices and hours worked and rates of pay for each employee.

### V.  COLLECTIVE & CLASS ACTION

37.     Count I and Count II are brought as collective actions under the FLSA, 29 U.S.C. §216(b).

38.     A copy of Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ's

consent to bring their claim for unpaid minimum and overtime wages under the FLSA as a representative action is attached hereto as Group Exhibit A.

39.     Count III, Count IV and Count V are brought pursuant to Fed. R. Civ. P. 23(a) and 23(b) because the class of Plaintiffs is so numerous that joinder of all class members is impracticable.

40.     The class representatives and the class members have been equally affected by Defendants' failure to pay minimum wages and overtime pay.

41.     Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

42.     The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals within the class.

43.     The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

44.     The class representatives are able to fairly and adequately represent and protect the interests of the class.

45.     If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to class members, Defendants, and the resources of the Court.

46.     A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

## VI. COUNT I – FAIR LABOR STANDARDS ACT
## MINIMUM WAGE – COLLECTIVE ACTION

47.     Plaintiffs incorporate by reference paragraphs 1 through 46 above as though fully stated herein.

48.     At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*.

49.     At all times relevant to this action, Defendants was the Plaintiffs' employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*.

50.     In violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, Defendants failed to pay Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, other persons similarly situated, known and unknown, for all hours worked.

51.     In violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, Defendants made unlawful and improper paycheck deductions from the wages of Plaintiffs' BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown.

52.     In violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, Defendants failed to pay Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown at the federal minimum wage for hours worked.

53.     Defendants knowingly, intentionally, and willfully failed to pay Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA

SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown for hours worked and at minimum wage rates.

54.     As a result of Defendants conduct, Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## VII. COUNT II – FAIR LABOR STANDARDS ACT – OVERTIME VIOLATIONS – COLLECTIVE ACTION

55.     Plaintiffs incorporate by reference paragraphs 1 through 54 above as though fully stated herein.

56.     In violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, Defendants failed to pay Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ and other persons similarly situated, known and unknown, at the federal overtime rate for overtime hours worked.

57.     Defendants knowingly, intentionally, and willfully failed to pay BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown at overtime rates.

58.     As a result of Defendants conduct, Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and

WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## VIII. COUNT III – MICHIGAN MINIMUM WAGE ACT OF 1964 – MINIMUM WAGE VIOLATIONS – CLASS ACTION

59.     Plaintiffs incorporate by reference paragraphs 1 through 58 above as though fully stated herein.

60.     At all times relevant to this action, Plaintiffs were Defendant's employees within the meaning of the Michigan Minimum Wage Law of 1964, MCL 408.381 *et. seq.*

61.     At all times relevant to this action, Defendant was the Plaintiffs' employer within the meaning of the Michigan Minimum Wage Law of 1964, MCL 408.381 *et. seq.*

62.     In violation of the Michigan Minimum Wage Law of 1964, MCL 408.381 *et. seq.*, Defendants failed to pay Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, for all hours they worked.

63.     In violation of the Michigan Minimum Wage Law of 1964, MCL 408.381 *et. seq.*, Defendants made improper paycheck deductions from the wages of Plaintiffs' BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown.

64.     In violation of the Michigan Minimum Wage Law of 1964, MCL 408.381 *et. seq.*, Defendants failed to pay Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN

SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, at the state minimum wage for hours worked.

65. Defendants knowingly, intentionally, and willfully failed to pay Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, for hours worked and minimum wage.

66. As a result of Defendants' conduct, Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, exemplary damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## IX. COUNT IV – MICHIGAN MINIMUM WAGE ACT OF 1964 – OVERTIME VIOLATIONS – CLASS ACTION

67. Plaintiffs incorporate by reference paragraphs 1 through 66 above as though fully stated herein.

68. In violation of the Michigan Minimum Wage Law of 1964, MCL 408.381 *et. seq.*, Defendants failed to pay Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, at the state overtime rate for overtime hours worked.

69.     Defendants knowingly, intentionally, and willfully failed to pay Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, at overtime wage rates.

70.     As a result of Defendants' conduct, Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, exemplary damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## X.  COUNT V – BREACH OF CONTRACT

71.     Plaintiffs incorporate by reference paragraphs 1 through 70 above as though fully stated herein.

72.     At the time of their employment, an employment contract existed between Defendants and Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown.

73.     Defendants breached the terms and conditions of the employment contract by:

    a.     Failing to pay Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown for all hours worked;

    b.     Taking improper and unlawful deductions from the wages of Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES,

ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown;

c. Failing to pay Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, at legally mandated minimum wage rates for hours worked;

d. Failing to pay the legally required overtime rate to Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, for overtime hours worked.

.

74. As a result of Defendants' conduct, Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, are entitled to an award of damages, costs, attorney fees, prejudgment interest and other damages as allowed by law and equity.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, and other persons similarly situated, known and unknown, prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages so wrongfully sustained by Plaintiffs including but not limited to compensatory damages, liquidated damages, punitive damages, exemplary damages, interest, costs and attorney fees and other damages as allowed in law or equity.

.

Respectfully submitted,


By: /s/ *John C. Philo*
John Philo
Tony Paris
MAURICE & JANE SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
Attorneys for Plaintiff

-and-

Alyson Oliver
Stuart Shoup
KRESCH OLIVER, PLLC
24100 Southfield Rd., Suite 305
Southfield, Michigan 48075
Co-Counsel - Attorneys for Plaintiffs


Dated:  April 11, 2011

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

———————————————————

BLANCHE DENISE JACKSON, ELIZABETH
ANN SIFUENTES, ESMERELDA SIFUENTES,
PHILLIP GOLDEN, and WILLIE MARTINEZ
on behalf of themselves  and other persons
similarly situated, known and unknown;
.

     Plaintiffs,

               Case No. _____

vs.            Hon. _____

MASTRONARDI PRODUCE LIMITED, a
foreign corporation, MASTRONARDI II, LLC,
a Michigan corporation formerly known as
MASTRONARDI PRODUCE-USA, LLC,
MASTRONARDI PRODUCE-USA, INC., a
Michigan corporation formerly known as
MASTRONARDI PRODUCE, INC.,

And

MINUTE MEN, INC. a foreign corporation also
known as MINUTE MEN STAFFING SERVICES,
MINUTE MEN STAFFING OF MICHIGAN,
INC., a Michigan corporation also known as
MINUTE MEN STAFFING SERVICES.

     Defendants.

_____/

John Philo (P52721)
Tony Paris (P71525)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
Attorney for Plaintiff
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
Email: mail@sugarlaw.org
**Attorneys for Plaintiffs**

Stuart Shoup (P73293)
Allyson Oliver (P55020)
KRESCH OLIVER, PLLC
24100 Southfield Rd., Suite 305
Southfield, Michigan 48075
248-327-6556/Fax: 248-436-3385
Email: sshoup@krescholiver.com
**Co-Counsel - Attorneys for Plaintiffs**

_____/


### **PLAINTIFF'S JURY DEMAND**

Plaintiffs BLANCHE DENISE JACKSON, ELIZABETH ANN SIFUENTES, ESMERELDA SIFUENTES, PHILLIP GOLDEN, and WILLIE HERNANDEZ, on behalf of themselves and other persons, known and unknown, and by and through counsel demand a trial by jury in the above-captioned matter.


Respectfully submitted,


Respectfully submitted,


By:____/s/ *John C. Philo*_____
John Philo
Tony Paris
MAURICE & JANE SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
Attorneys for Plaintiff

-and-

Alyson Oliver

Stuart Shoup
KRESCH OLIVER, PLLC
24100 Southfield Rd., Suite 305
Southfield, Michigan 48075
Co-Counsel - Attorneys for Plaintiffs

Dated:  April 11, 2011