## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BLANCHE DENISE JACKSON, ELIZABETH
ANN SIFUENTES, ESMERELDA SIFUENTES,
PHILLIP GOLDEN, an WILLIE MARTINEZ on
behalf of themselves and other persons similarly
situated, known and unknown,

               Plaintiffs,

vs.

MASTRONARDI PRODUCE LIMITED, a foreign
corporation, MASTRONARD II, LLC, a Michigan
corporation formerly known as MASTRONARDI
PRODUCE-USA, LLC, MASTRONARDI
PRODUCE-USA, INC., a Michigan corporation
formerly known as MASTRONARDI PRODUCE,
INC.,

AND

MINUTE MEN, INC., a foreign corporation also
known as MINUTE MEN STAFFING SERVICES,
MINUTE MEN STAFFING OF MICHIGAN,
INC., a Michigan corporation also known as
MINUTE MEN STAFFING SERVICES,

               Defendants.

**CASE NO. 2:11-CV-11525**

**HON. PAUL D. BORMAN**

---

JOHN PHILO (P52721)
TONY PARIS (P71525)
***MAURICE & JANE SUGAR LAW CENTER***
***FOR ECONOMIC & SOCIAL JUSTICE***
4605 Cass Avenue, Second Floor
Detroit, Michigan  48201
(313) 993-4505 / (313) 887-8470 (FAX)
jphilo@sugarlaw.org
tparis@sugarlaw.org
***Attorneys for Plaintiffs***

MARK W. McINERNEY (P29077)
JENNIFER M. BUCKLEY (P38767)
MARY A. KALMINK (P42954)
***CLARK HILL PLC***
500 Woodward Avenue, Suite 3500
Detroit, Michigan  48226
(313) 965-8300 / (313) 965-8252 (FAX)
mmcinerney@clarkhill.com
jbuckley@clarkhill.com
mkalmink@clarkhill.com
***Attorneys for Defendant Mastronardi***

STUART SHOUP (P73923)
ALLYSON OLIVER (P55020)
***KRESCH OLIVER, PLLC***
24100 Southfield Road, Suite 305
Southfield, Michigan  48075
(248) 327-6556 / (248) 436-3385 (FAX)
sshoup@krescholiver.com
***Co-Counsel – Attorneys for Plaintiffs***

DAVID E. EINSTADIG (P47344)
***THAV GROSS STEINWAY &***
  ***BENNETT PC***
30150 Telegraph Road, Suite 444
Bingham Farms, Michigan  48025
(248) 645-1700 / (248) 645-8205 (FAX)
deinstandig@thavgross.com
***Co-Counsel for Defendants Mastronardi***
***Produce Limited, Mastronardi II, LLC,***
***and Mastronardi Produce-USA, Inc.***

WILLIAM B. BALKE (P35272)
GARY C. ANKERS (P41599)
***LITTLER MENDELSON PLC***
200 Renaissance Center / Suite 3110
Detroit, Michigan  48243
(313) 446-6403 / (313) 202-3222
(313) 446-6405 (FAX)
wbalke@littler.com / gankers@littler.com
***Attorneys for Defendants Minute Men,***
***Inc. and Minute Men Staffing Services of***
***Michigan, Inc.***

ANDREW J. VOSS (MN 241556)
***LITTLER MENDELSON, P.C.***
1300 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 313-7605 / (612) 630-9626 (FAX)
avoss@littler.com
***Attorneys for Defendants Minute Men,***
***Inc., and Minute Men Staffing Services of***
***Michigan, Inc.***

ROBERT L. GROSS (Not Sworn)
***GROSS & GROSS, L.L.C.***
22901 Millcreek Boulevard, Suite 395
Cleveland, OH  44122
(218) 839-1111, Ext. 15
(218) 839-1122 (FAX)
rlgross@gross-gross.com
***Attorneys for Defendants Minute Men,***
***Inc., and Minute Men Staffing Services***
***of Michigan, Inc.***

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Defendants Minute Men, Inc's and Minute Men Staffing of Michigan, Inc.'s Joint Motion for Partial Dismissal shall be brought on for hearing before the Honorable Paul D. Borman, in his courtroom, at a date and time to be set by the Court.

Respectfully submitted,

/s/ William B. Balke
William B. Balke (P35272)
Gary C. Ankers (P41599)
*LITTLER MENDELSON PLC*
200 Renaissance Center / Suite 3110
Detroit, Michigan 48243
(313) 446-6403 / (313) 202-3222
(313) 446-6405 (FAX)
wbalke@littler.com / gankers@littler.com

Andrew J. Voss (MN 241556)
*LITTLER MENDELSON, P.C.*
1300 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 313-7610 / (612) 630-9626 (FAX)
*avoss@littler.com*

Robert L. Gross (Not Sworn)
*GROSS & GROSS, L.L.C.*
22901 Millcreek Boulevard, Suite 395
Cleveland, OH 44122
(218) 839-1111, Ext. 15
(218).839.1122 (FAX)
*rlgross@gross-gross.com*

*ATTORNEYS FOR DEFENDANTS MINUTE MEN, INC., AND MINUTE MEN STAFFING OF MICHIGAN, INC.*

Dated: June 20, 2011

### PROOF OF SERVICE

The undersigned certifies that on June 20, 2011 the foregoing instrument was filed electronically with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ William B. Balke
William B. Balke

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BLANCHE DENISE JACKSON, ELIZABETH
ANN SIFUENTES, ESMERELDA SIFUENTES,
PHILLIP GOLDEN, an WILLIE MARTINEZ on
behalf of themselves and other persons similarly
situated, known and unknown,

           Plaintiffs,

                                   **CASE NO. 2:11-CV-11525**

vs.

                                   **HON. PAUL D. BORMAN**

MASTRONARDI PRODUCE LIMITED, a foreign
corporation, MASTRONARD II, LLC, a Michigan
corporation formerly known as MASTRONARDI
PRODUCE-USA, LLC, MASTRONARDI
PRODUCE-USA, INC., a Michigan corporation
formerly known as MASTRONARDI PRODUCE,
INC.,

AND

MINUTE MEN, INC., a foreign corporation also
known as MINUTE MEN STAFFING SERVICES,
MINUTE MEN STAFFING OF MICHIGAN,
INC., a Michigan corporation also known as
MINUTE MEN STAFFING SERVICES,

           Defendants.

---

JOHN PHILO (P52721)
TONY PARIS (P71525)
***MAURICE & JANE SUGAR LAW CENTER***
 ***FOR ECONOMIC & SOCIAL JUSTICE***
4605 Cass Avenue, Second Floor
Detroit, Michigan  48201
(313) 993-4505 / (313) 887-8470 (FAX)
jphilo@sugarlaw.org
tparis@sugarlaw.org
***Attorneys for Plaintiffs***

MARK W. McINERNEY (P29077)
JENNIFER M. BUCKLEY (P38767)
MARY A. KALMINK (P42954)
***CLARK HILL PLC***
500 Woodward Avenue, Suite 3500
Detroit, Michigan  48226
(313) 965-8300 / (313) 965-8252 (FAX)
mmcinerney@clarkhill.com
jbuckley@clarkhill.com
mkalmink@clarkhill.com
***Attorneys for Defendant Mastronardi***

STUART SHOUP (P73923)
ALLYSON OLIVER (P55020)
*KRESCH OLIVER, PLLC*
24100 Southfield Road, Suite 305
Southfield, Michigan  48075
(248) 327-6556 / (248) 436-3385 (FAX)
sshoup@krescholiver.com
*Co-Counsel – Attorneys for Plaintiffs*

DAVID E. EINSTADIG (P47344)
*THAV GROSS STEINWAY &*
  *BENNETT PC*
30150 Telegraph Road, Suite 444
Bingham Farms, Michigan  48025
(248) 645-1700 / (248) 645-8205 (FAX)
deinstadig@thavgross.com
*Co-Counsel for Defendants Mastronardi*
*Produce Limited, Mastronardi II, LLC,*
*and Mastronardi Produce-USA, Inc.*

WILLIAM B. BALKE (P35272)
GARY C. ANKERS (P41599)
*LITTLER MENDELSON PLC*
200 Renaissance Center / Suite 3110
Detroit, Michigan  48243
(313) 446-6403 / (313) 202-3222
(313) 446-6405 (FAX)
wbalke@littler.com / gankers@littler.com
*Attorneys for Defendants Minute Men,*
*Inc. and Minute Men Staffing Services of*
*Michigan, Inc.*

ANDREW J. VOSS (MN 241556)
*LITTLER MENDELSON, P.C.*
1300 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 313-7605 / (612) 630-9626 (FAX)
avoss@littler.com
*Attorneys for Defendants Minute Men,*
*Inc., and Minute Men Staffing Services of*
*Michigan, Inc.*

ROBERT L. GROSS (Not Sworn)
*GROSS & GROSS, L.L.C.*
22901 Millcreek Boulevard, Suite 395
Cleveland, OH  44122
(218) 839-1111, Ext. 15
(218) 839-1122 (FAX)
rlgross@gross-gross.com
*Attorneys for Defendants Minute Men,*
*Inc., and Minute Men Staffing Services*
*of Michigan, Inc.*

## DEFENDANTS MINUTE MEN, INC.'S AND MINUTE MEN STAFFING OF MICHIGAN, INC.'S JOINT MOTION FOR PARTIAL DISMISSAL

Defendants Minute Men, Inc., and Minute Men Staffing of Michigan, Inc. (collectively, "the Minute Men Defendants") respectfully move this Court for an Order dismissing Counts III, IV, and V of Plaintiffs' Complaint and Demand for Jury Trial ("the Complaint"; Doc. No. 1).

This Motion is based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure, upon all supporting memoranda, documents, and affidavits filed and served in accordance with Local Rule 7.1, and upon all the files, records, and proceedings herein.  Pursuant to Local Rule 7.1(a)(2), a conference between the Minute Men Defendants' counsel and Plaintiffs' counsel was held on June 20, 2011, during which the Minute Men Defendants' counsel explained the nature of this Motion and its legal bases.  The Minute Men Defendants' counsel requested, but did not obtain, concurrence in the relief sought in this Motion.

The Minute Men Defendants reserve the right to amend this Motion to seek dismissal, in whole or in part, of additional claims asserted in the Complaint.

Respectfully submitted,

Dated:  June 20, 2011

/s/ William B. Balke
William B. Balke (P35272)
wbalke@littler.com
Gary C. Ankers (P41599)
gankers@littler.com
**LITTLER MENDELSON P.C.**
200 Renaissance Center / Suite 3110
Detroit, Michigan  48243
(313) 446-6403 / (313) 202-3222
(313) 446-6405 (FAX)

Andrew J. Voss (MN 241556)
avoss@littler.com
***LITTLER MENDELSON, P.C.***
1300 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 313-7605 / (612) 630-9626 (FAX)

Robert L. Gross (Not Sworn)
glgross@gross-gross.com
***GROSS & GROSS, L.L.C.***
22901 Millcreek Boulevard, Suite 395
Cleveland, OH 44122
(218) 839-1111, Ext. 15
(218).839.1122 (FAX)

***ATTORNEYS FOR DEFENDANTS***
***MINUTE MEN, INC., AND MINUTE MEN***
***STAFFING OF MICHIGAN, INC***

### PROOF OF SERVICE

The undersigned certifies that on June 20, 2011 the foregoing instrument was filed electronically with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ William B. Balke
William B. Balke

Firmwide:102111408.1 066701.1004

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BLANCHE DENISE JACKSON, ELIZABETH
ANN SIFUENTES, ESMERELDA SIFUENTES,
PHILLIP GOLDEN, an WILLIE MARTINEZ on
behalf of themselves and other persons similarly
situated, known and unknown,

          Plaintiffs,

vs.

MASTRONARDI PRODUCE LIMITED, a foreign
corporation, MASTRONARD II, LLC, a Michigan
corporation formerly known as MASTRONARDI
PRODUCE-USA, LLC, MASTRONARDI
PRODUCE-USA, INC., a Michigan corporation
formerly known as MASTRONARDI PRODUCE,
INC.,

AND

MINUTE MEN, INC., a foreign corporation also
known as MINUTE MEN STAFFING SERVICES,
MINUTE MEN STAFFING OF MICHIGAN,
INC., a Michigan corporation also known as
MINUTE MEN STAFFING SERVICES,

          Defendants.

**CASE NO. 2:11-CV-11525**

**HON. PAUL D. BORMAN**

---

JOHN PHILO (P52721)
TONY PARIS (P71525)
***MAURICE & JANE SUGAR LAW CENTER***
***FOR ECONOMIC & SOCIAL JUSTICE***
4605 Cass Avenue, Second Floor
Detroit, Michigan  48201
(313) 993-4505 / (313) 887-8470 (FAX)
jphilo@sugarlaw.org
tparis@sugarlaw.org
***Attorneys for Plaintiffs***

MARK W. McINERNEY (P29077)
JENNIFER M. BUCKLEY (P38767)
MARY A. KALMINK (P42954)
***CLARK HILL PLC***
500 Woodward Avenue, Suite 3500
Detroit, Michigan  48226
(313) 965-8300 / (313) 965-8252 (FAX)
mmcinerney@clarkhill.com
jbuckley@clarkhill.com
mkalmink@clarkhill.com
***Attorneys for Defendant Mastronardi***

STUART SHOUP (P73923)
ALLYSON OLIVER (P55020)
*KRESCH OLIVER, PLLC*
24100 Southfield Road, Suite 305
Southfield, Michigan  48075
(248) 327-6556 / (248) 436-3385 (FAX)
sshoup@krescholiver.com
*Co-Counsel – Attorneys for Plaintiffs*

DAVID E. EINSTADIG (P47344)
*THAV GROSS STEINWAY &*
  *BENNETT PC*
30150 Telegraph Road, Suite 444
Bingham Farms, Michigan  48025
(248) 645-1700 / (248) 645-8205 (FAX)
deinstandig@thavgross.com
*Co-Counsel for Defendants Mastronardi*

WILLIAM B. BALKE (P35272)
GARY C. ANKERS (P41599)
*LITTLER MENDELSON PLC*
200 Renaissance Center / Suite 3110
Detroit, Michigan  48243
(313) 446-6403 / (313) 202-3222
(313) 446-6405 (FAX)
wbalke@littler.com / gankers@littler.com
*Attorneys for Defendants Minute Men,*
*Inc. and Minute Men Staffing Services of*
*Michigan, Inc.*

ANDREW J. VOSS (MN 241556)
*LITTLER MENDELSON, P.C.*
1300 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 313-7605 / (612) 630-9626 (FAX)
avoss@littler.com
*Attorneys for Defendants Minute Men,*
*Inc., and Minute Men Staffing Services of*
*Michigan, Inc.*

ROBERT L. GROSS (Not Sworn)
*GROSS & GROSS, L.L.C.*
22901 Millcreek Boulevard, Suite 395
Cleveland, OH  44122
(218) 839-1111, Ext. 15
(218) 839-1122 (FAX)
rlgross@gross-gross.com
*Attorneys for Defendants Minute Men,*
*Inc., and Minute Men Staffing Services*
*of Michigan, Inc.*

---

### DEFENDANTS MINUTE MEN, INC.'S AND MINUTE MEN STAFFING OF MICHIGAN, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION FOR PARTIAL DISMISSAL

## <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF AUTHORITIES ....................................................................................... ii

STATEMENT OF ISSUE PRESENTED...................................................................... 1

CONTROLLING AUTHORITIES................................................................................ 2

I.     INTRODUCTION. ............................................................................................... 3

II.    SUMMARY OF THE COMPLAINT ALLEGATIONS.................................... 4

III.   LEGAL ARGUMENT......................................................................................... 5

      A.    The Dismissal Standard Under Rule 12(b)(6). ..................................... 5

      B.    Count IV Fails as a Matter of Law Because the MMWL's Overtime Provisions Do Not Apply to the Minute Men Defendants......................................... 6

      C.    Count V of the Complaint Fails to State a Facially-Plausible Claim for Breach of Contract.............................................................................................. 8

      D.    The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' MMWL and Breach of Contract Claims (Counts III, IV, and V)........................ 11

IV.   CONCLUSION.................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aguilera v. Mich. Turkey Producers Coop., Inc.*,
  2009 U.S. Dist. LEXIS 100736 (W.D. Mich. Oct. 8, 2009)....................................2, 11, 12, 13

*Arrington v. Mich. Bell Tele. Co.*,
  746 F. Supp. 2d 854 (E.D. Mich. 2010)..................................................................................2, 7

*Ashcroft, et al. v. Iqbal*,
  ___ U.S. ___, 129 S.Ct. 1937 (2009)..............................................................................5, 6, 10

*Battah v. Mort. Elec. Registration Sys.*,
  746 F. Supp. 2d 869 (E.D. Mich. Oct. 28, 2010)......................................................................10

*Bell Atlantic Corp. v. Twombly*,
  ___ U.S. ___, 127 S.Ct. 1955 (2007)..........................................................................................5

*Bundy v. Fed. Nat'l Mort. Ass'n*,
  2011 U.S. Dist. LEXIS 27562 (E.D. Mich. Feb. 25, 2011)....................................................2, 9

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988)..................................................................................................................11

*City of Chicago v. Int'l College of Surgeons*,
  522 U.S. 156 (1997)..................................................................................................................11

*Currie v. Alcoa Wheel & Forged Prods.*,
  577 F.3d 625 (6th Cir. 2009) .....................................................................................................5

*Edwards v. City of Long Beach*,
  467 F. Supp. 2d 986 (C.D. Cal. 2006) .....................................................................................13

*Guerrero v. Brickman Group, LLC*,
  2007 U.S. Dist. LEXIS 60605 (W.D. Mich. Aug. 17, 2007)....................................................12

*Jarbo v. BAC Home Loan Serv.*,
  2010 U.S. Dist. LEXIS 132570 (E.D. Mich. Dec. 15, 2010)....................................................5, 9

*Johnson v. BNC Mort. Corp.*,
  2010 U.S. Dist. LEXIS 93268 (E.D. Mich. Sept. 8, 2010)......................................................10

*Kama v. Elec. Registration Sys., Inc.*,
  2010 U.S. Dist. LEXIS 155543 (E.D. Mich. Oct. 29, 2010) .....................................................9

*Lindsay v. Government Employees Ins. Co.*,
  **448 F.3d 416 (D.C. Cir. 2006)**................................................................................................13

*Mathews v. ALC Partner, Inc.*,
   2009 U.S. Dist. LEXIS 66290 (E.D. Mich. July 31, 2009) ...................................................12

*Morrison v. Staples, Inc.*,
   2008 U.S. Dist. LEXIS 96323 (D. Conn. Nov. 13, 2008) ........................................................8

*Pacheco v. Boar's Head Provisions Co., Inc.*,
   2010 U.S. Dist. LEXIS 30463 (W.D. Mich. Mar. 30, 2010) ...................................................8

*Shaya v. Countrywide Home Loans, Inc.*,
   2011 U.S. Dist. LEXIS 29388 (E.D. Mich. Mar. 22, 2011) ................................................5, 9

*United Mine Workers v. Gibbs*,
   383 U.S. 715 (1966) ...............................................................................................................11

**Woodward v. FedEx Freight East,**
   **250 F.R.D. 178 (M.D. Pa. 2008)** .........................................................................................13

STATUTES

28 U.S.C. § 1367(a) ......................................................................................................................11

28 U.S.C. § 1367(c) ..............................................................................................................3, 11, 13, 14

29 U.S.C. § 216(b) ..............................................................................................................4, 12, 14

Mich. Comp. Laws § 408.384a .......................................................................................................7

Mich. Comp. Laws § 408.394 .........................................................................................................7

Mich. Comp. Laws § 408.394(1)(a) ...............................................................................................7

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... passim

Fed. R. Civ. P. 23 ...............................................................................................................12, 13, 14

**STATEMENT OF ISSUE PRESENTED**

Are Defendants Minute Men, Inc., and Minute Men Staffing of Michigan, Inc., entitled to dismissal of Plaintiffs' Michigan Minimum Wage Law and breach of contract claims pursuant to Federal Rule of Civil Procedure 12(b)(6), where: (1) the Michigan Minimum Wage Law's overtime provisions do not apply to Defendants Minute Men, Inc., and Minute Men Staffing of Michigan, Inc.; (2) Plaintiffs have failed to state a facially-plausible breach of contract claim; and (3) factors exist that dictate the Court should decline to exercise supplemental jurisdiction over those claims?

## <u>CONTROLLING AUTHORITIES</u>

The controlling or most appropriate authorities include: ***Arrington v. Mich. Bell Tele. Co.***, 746 F. Supp. 2d 854 (E.D. Mich. 2010); ***Bundy v. Fed. Nat'l Mort. Ass'n***, 2011 U.S. Dist. LEXIS 27562 (E.D. Mich. Feb. 25, 2011) **(Ex. 5)**, and ***Aguilera v. Mich. Turkey Producers Coop., Inc.***, 2009 U.S. Dist. LEXIS 100736 (W.D. Mich. Oct. 8, 2009) **(Ex. 8)**.

## I.      INTRODUCTION.

On April 11, 2011, five named plaintiffs -- Blanche Jackson, Elizabeth Sifuentes, Esmerelda Sifuentes, Willie Martinez, and Phillip Golden (hereinafter collectively referred to as "Plaintiffs") -- filed a fifteen-page Complaint and Demand for Jury Trial ("the Complaint"; Doc. No. 1), seeking to hold Defendants Minute Men, Inc., and Minute Men Staffing of Michigan, Inc. (collectively, "the Minute Men Defendants"), and Defendants Mastronardi Produce Limited, Mastronardi II, LLC, and Mastronardi Produce-USA, LLC (collectively, "the Mastronardi Defendants"), jointly and severally liable for alleged violations of the federal Fair Labor Standards Act ("FLSA"), the Michigan Minimum Wage Law of 1964 ("MMWL"), and Michigan common law.[1]

The Minute Men Defendants now seek to dismiss three of Plaintiffs' five claims -- Count III (alleging violation of the MMWL's minimum wage provisions), Count IV (alleging violation of the MMWL's overtime provisions), and Count V (alleging breach of contract) -- pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Specifically, Count IV of the Complaint fails to state a cognizable claim against the Minute Men Defendants, because the MMWL's overtime provisions do not apply to the Minute Men Defendants.  Count V of the Complaint fails on its face because Plaintiffs have not alleged a facially-plausible breach of contract claim against the Minute Men Defendants -- that is, Plaintiffs have failed to allege any facts plausibly suggesting the existence or breach of a valid contract with the Minute Men Defendants.  Notwithstanding these pleading failures, the Court should nevertheless decline to exercise supplemental jurisdiction Plaintiffs' MMWL and breach of contract claims (Counts III, IV, and V of the Complaint) pursuant to 28 U.S.C. § 1367(c).

---

[1] Where appropriate, the Minute Men Defendants and Mastronardi Defendants are hereinafter collectively referred to as "Defendants."

For the reasons that follow, the Minute Men Defendants' Motion should be granted, and Counts III, IV, and V of the Complaint should be dismissed.

## II.     SUMMARY OF THE COMPLAINT ALLEGATIONS.

According to the Complaint, Plaintiffs are now or previously were jointly employed with the Minute Men Defendants and the Mastronardi Defendants as "line workers," and they were placed by the Minute Men Defendants at food processing facilities operated by the Mastronardi Defendants in Romulus, Taylor, and/or Livonia, Michigan (collectively, "the Mastronardi Facilities"). (Complaint, ¶¶ 4-8, 21.) Plaintiffs allege they were not paid for all of their working time, including time spent waiting in a room at the Mastronardi Facilities prior to the start of their work shift, time spent performing work during meal and rest breaks, and working time that was not properly recorded due to mechanical problems with time clocks at the Mastronardi Facilities. (*Id.* at ¶¶ 29-30, 31-333.) Plaintiffs further claim that Defendants made improper deductions from their compensation for fees associated with transportation to-and-from the Mastronardi facilities, identification badges, misplaced and/or damaged tools, and immigration paperwork. (*Id.* at ¶¶ 26-28, 34-35.) Finally, Plaintiffs claim that Defendants improperly deducted one-to-two hours each day for meal and rest breaks, but that they were only ever permitted half-hour lunch breaks and were never permitted to take rest breaks. (*Id.* at ¶¶ 31-32.)

Based on these allegations, Plaintiffs purport to bring five claims against Defendants. In Count I, Plaintiffs allege that Defendants violated the FLSA's minimum wage provisions. (Complaint, ¶¶ 47-54). In Count II, Plaintiffs allege that Defendants violated the FLSA's overtime provisions. (*Id.* at ¶¶ 55-58.) Plaintiffs seek to proceed on Counts I and II as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf an undefined class of allegedly similarly situated individuals. (*Id.* at ¶¶ 37, 47-58.)

Based on these same allegations, Plaintiffs assert in Counts III and IV that Defendants violated the MMWL's minimum wage and overtime provisions, and claim in Count V that Defendants breached an "employment contract" with them.  (Complaint, ¶¶ 59-74.)  Plaintiffs seek to proceed on Counts III, IV, and V as an "opt-out" class action pursuant to Rule 23(a) and (b), on behalf of a similarly undefined class of individuals.  (*Id.* at ¶¶ 39, 59-74.)

## III.   LEGAL ARGUMENT.

### A.     <u>The Dismissal Standard Under Rule 12(b)(6).</u>

To withstand a motion to dismiss under Rule 12(b)(6), Plaintiffs must allege sufficient facts "to state a claim for relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly***, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007).  *Accord **Jarbo v. BAC Home Loan Serv.**,* 2010 U.S. Dist. LEXIS 132570, *19 (E.D. Mich. Dec. 15, 2010) (**Ex. 1**).   Stated otherwise, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" ***Twombly***, 127 S.Ct. at 1965.  *Accord **Shaya v. Countrywide Home Loans, Inc.**,* 2011 U.S. Dist. LEXIS 29388, *3-4 (E.D. Mich. Mar. 22, 2011) (**Ex. 2**).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft, et al. v. Iqbal***, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility[.]").  *Accord **Currie v. Alcoa Wheel & Forged Prods.**,* 577 F.3d 625, 629-30 (6th Cir. 2009) (noting that *Twombly/Iqbal* standard is designed to screen-out cases that, while not utterly impossible, are "implausible.").

In elaborating on *Twombly*, the Supreme Court in *Iqbal* further explained:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.

* * *

>Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

* * *

>In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

*Iqbal*, 129 S.Ct. at 1949-50 (internal quotations and citations omitted).  Accordingly, in scrutinizing the Complaint, *Iqbal* instructs this Court to engage in a "two-pronged approach."  ***Id.*** at 1950.  The first prong involves weeding-out those allegations which, because they are legal conclusions as opposed to factual allegations, are not entitled to an assumption of truth.  The second involves scrutinizing the true factual allegations contained in the Complaint – which are entitled to an assumption of truth – to determine whether Plaintiffs have stated a facially-plausible claim.

In applying *Iqbal's* two-pronged analysis to the Complaint, it is clear that Counts IV and V must be dismissed at this time; the Court should nevertheless decline to exercise supplemental jurisdiction over Counts III, IV, and V.

**B.    Count IV Fails as a Matter of Law Because the MMWL's Overtime Provisions Do Not Apply to the Minute Men Defendants.**

In Counts II and IV of the Complaint, Plaintiffs claim that the Minute Men Defendants simultaneously violated the overtime provisions of the FLSA and MMWL, respectively. (Complaint, ¶¶ 55-58, 67-70.)  In support of these legal claims, Plaintiffs allege that the Minute

Men Defendants are statutorily-covered "employers" for purposes of the FLSA, and are also statutorily-covered "employers" for purposes of the MMWL.   (*Id.* at ¶¶ 48-49, 60-61.)

The MMWL contains express provisions governing its applicability to FLSA-covered employers.  *See* Mich. Comp. Laws § 408.394.  Specifically, Section 14 of the MMWL provides in relevant part that:

> (1) This act does not apply to an employer who is subject to the minimum wage provisions of [the FLSA], unless those federal minimum wage provisions would result in a lower hourly wage than provided in this act.  **Each of the following applies to an employer who is subject to this act only by application of this subsection:**
>
> **(a) Section 4a [of the MMWL] does not apply.**

*See* Mich. Comp. Laws § 408.394(1)(a) (emphasis provided).[2]  Section 4a of the MMWL, in turn, governs overtime compensation, and requires time-and-a-half premium pay.  *See* Mich. Comp. Laws § 408.384a.

This Court recently concluded that the MMWL's overtime provisions do not apply to an FLSA-covered employer who is subject to the MMWL only by virtue of the fact that the Michigan minimum wage exceeds the federal minimum wage.  ***See Arrington v. Mich. Bell Tele. Co.***, 746 F. Supp. 2d 854 (E.D. Mich. 2010) (dismissing, pursuant to Rule 12(b)(6), the plaintiff's MMWL overtime claim).  As the *Arrington* Court explained, this conclusion is compelled by "[t]he natural reading of the text [of the MMWL], and is confirmed by "[l]egislative analyses prepared in conjunction with the 2006 amendments [to the MMWL]," which confirm that these amendments "were intended to 'exempt from the [MMWL's] overtime

---

[2] The Michigan legislature amended the MMWL in October 2006 to include this exemption language, and correspondingly increased the Michigan minimum wage.  The Minute Men Defendants concede that the Michigan minimum wage has exceeded its federal counterpart since October 1, 2006, but this fact has no bearing on the applicability of the MMWL's overtime provisions to them.

compensation requirements an employer who otherwise would be subject to the [MMWL] only because the [Michigan] minimum wage exceeds the federal minimum wage.'" *Id.* at 857-58 (citations omitted).  Other courts that have analyzed this legal question have reached the same conclusion.  *See Pacheco v. Boar's Head Provisions Co., Inc.*, 2010 U.S. Dist. LEXIS 30463, * 11 (W.D. Mich. Mar. 30, 2010) ("Because Boar's Head was subject to the MMWL beginning in October of 2006 only by virtue of Section 14, Boar's Head was subject to the minimum wage provisions of the MMWL, but was exempt from the overtime requirements of the MMWL.") **(Ex. 3)**; *Morrison v. Staples, Inc.*, 2008 U.S. Dist. LEXIS 96323, *8-9 (D. Conn. Nov. 13, 2008) (holding that class members who had worked in Michigan since October 2006 "will not be able to bring an overtime claim under the [M]MWL.") **(Ex. 4).**

Taken as true, Plaintiffs' allegation that the Minute Men Defendants are FLSA-covered "employers" forecloses their right to seek overtime compensation under the MMWL, because it necessarily follows that the Minute Men Defendants are subject to the provisions of the MMWL solely because the Michigan minimum wage has exceeded the federal minimum wage since October 2006.  Plaintiffs' claim for violation of the MMWL's overtime provisions fails by the straightforward application of statutory language, and should therefore be dismissed at this time, with prejudice.

C.     <u>Count V of the Complaint Fails to State a Facially-Plausible Claim for Breach of Contract.</u>

In Count V of the Complaint, Plaintiffs purport to state a claim for breach of an alleged "employment contract."  (Complaint, ¶¶ 71-74.)  This claim fails on its face, because Plaintiffs have not alleged any facts, as opposed to legal conclusions, from which the Court could reasonably infer that a valid employment contract existed between Plaintiffs and the Minute Men

Defendants, let alone that the Minute Men Defendants breached an employment contract with Plaintiffs.[3]

The elements of a breach of contract claim under Michigan law are: (1) the existence of a contract between the parties; (2) the terms of the contract require performance of certain specific actions; (3) a party breached the contract; and (4) the breach caused the other party injury.  *See Bundy v. Fed. Nat'l Mort. Ass'n*, 2011 U.S. Dist. LEXIS 27562, *22 (E.D. Mich. Feb. 25, 2011) (citations omitted) **(Ex. 5)**.  This Court routinely dismisses breach of contract claims that fail to meet the pleading requirements of *Twombly* and *Iqbal* -- *i.e.*, that fail to allege facially-plausible facts regarding each element of a claim for breach of contract under Michigan law.  *See, e.g., Shaya*, 2011 U.S. Dist. LEXIS 29388 at *14-16 (dismissing breach of mortgage contract claim, where plaintiffs failed to allege, among other things, facts explaining which material facts were not disclosed, how defendant's alleged statements were false or misleading, or which contractual provisions defendant breached) **(Ex. 2)**; *Bundy*, 2011 U.S. Dist. LEXIS at *22-23 (dismissing breach of contract claim, where plaintiff alleged "nothing more than unadorned, the defendant-unlawfully-harmed-me accusations") (internal quotations and citations omitted) **(Ex. 5)**; *Jarbo*, 2010 U.S. Dist. LEXIS at *38 (dismissing breach of contract claim, where plaintiffs failed to specify what contracts were allegedly breached and provided no specific contract provision or identifiable term breached by any specific defendant) **(Ex. 1)**; *Kama v. Elec. Registration Sys., Inc.*, 2010 U.S. Dist. LEXIS 115543, *7-8 (E.D. Mich. Oct. 29, 2010) (dismissing breach of contract claim, where plaintiff claimed defendants assessed illegal charges and fees beyond that

---

[3] Plaintiffs' motive for asserting a breach of contract claim is clear: they seek to benefit from the six-year statute of limitations that claim brings with it.  In reality, Plaintiffs' breach of contract claim is nothing more than a creative recasting of their FLSA and MMWL minimum wage and overtime claims, unsupported by any factual predicate.

provided for in the initial contract) **(Ex. 6)**; ***Battah v. Mort. Elec. Registration Sys.***, 746 F. Supp. 2d 869, 876 (E.D. Mich. Oct. 28, 2010) (dismissing breach of contract claim, where plaintiff failed to provide any facts as to any breach); ***Johnson v. BNC Mort. Corp.***, 2010 U.S. Dist. LEXIS 93268, *7-8 (E.D. Mich. Sept. 8, 2010) (dismissing breach of contract claim, where plaintiff failed to allege any facts from which the court could reasonably determine the existence of a valid contract, the terms of such a contract, the nature of defendant's obligations under the contract, the circumstances that gave rise to the breach, or the ways in which plaintiff was allegedly harmed) **(Ex. 7).**

While Plaintiffs have vaguely alleged the existence and breach of an "employment contract" (*see* Compl. ¶¶ 71-74), these allegations amount to nothing more than threadbare legal conclusions regarding the existence of undefined contractual obligations that are simply not entitled to an assumption of truth.  The Complaint is devoid of any factual content regarding the formation or existence of a valid employment contract, the specific terms of that alleged contract, which particular contractual provisions were allegedly breached, or even which of the five party Defendants allegedly breached its alleged contractual obligations to Plaintiffs.  Indeed, Plaintiffs have even failed to allege whether their purported "employment contract" with Defendants was reduced to writing, as opposed to oral or implied through other documents or communications. In other words, the Complaint alleges -- but it does not show through the assertion of *specific, provable facts* -- that Plaintiffs are entitled to relief for alleged breach of an "employment contract."  *See **Iqbal***, 129 S. Ct. at 1949.  Accordingly, Count V of the Complaint must be dismissed.

**D.**   **The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' MMWL and Breach of Contract Claims (Counts III, IV, and V).**

The Minute Men Defendants do not dispute that the Court has supplemental jurisdiction over Plaintiffs' MMWL and breach of contract claims.  *See* 28 U.S.C. § 1367(a).  The Court may, however, decline to exercise supplemental jurisdiction over Plaintiffs' MMWL and breach of contract claims if:

> (1) these claims raise a novel or complex issue of State law;
>
> (2) these claims substantially predominate over the claims over which the Court has original jurisdiction;
>
> (3) the Court has dismissed all claims over which it has original jurisdiction; or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*See* 28 U.S.C. § 1367(c).  *See generally **City of Chicago v. Int'l College of Surgeons***, 522 U.S. 156, 17273 (1997) (noting that, in determining whether to exercise supplemental jurisdiction, courts must consider "principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.") (quoting ***Carnegie-Mellon Univ. v. Cohill***, 484 U.S. 343, 357 (1988)).

Two of these factors militate against the Court exercising supplemental jurisdiction over Plaintiffs' MMWL and breach of contract claims.  First, Plaintiffs' MMWL and breach of contract claims substantially dominate over their FLSA claims.  *See **United Mine Workers v. Gibbs***, 383 U.S. 715, 726 (1966) (noting that state law claims may predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."). *Accord **Aguilera v. Mich. Turkey Producers Coop., Inc.***, 2009 U.S. Dist. LEXIS 100736, *2-7 (W.D. Mich. Oct. 8, 2009) (declining to exercise supplemental jurisdiction over FLSA plaintiff's MMWL, breach of contract, and unjust enrichment claims predicated on alleged off-the-clock

"donning and doffing") **(Ex. 8)**.  *See also **Mathews v. ALC Partner, Inc.***, 2009 U.S. Dist. LEXIS 66290, *4-8 (E.D. Mich. July 31, 2009) (declining to exercise supplemental jurisdiction over FLSA plaintiffs' state law claims predicated, among other things, on allegedly improper wage deductions and failure to provide meal breaks) **(Ex. 9)**; ***Guerrero v. Brickman Group, LLC***, 2007 U.S. Dist. LEXIS 60605, *6-8 (W.D. Mich. Aug. 17, 2007) (declining to exercise supplemental jurisdiction over FLSA plaintiff's state law breach of contract and unjust enrichment claims predicated on allegedly improper deductions for visa fees, recruitment fees, transportation costs, uniform costs, and housing costs) **(Ex. 10)**.

*Aguilera* is instructive.  The plaintiff in *Aguilera* asserted claims under the FLSA and MMWL, and claims under Michigan law for breach of contract and unjust enrichment.  *See **Aguilera***, 2009 U.S. Dist. LEXIS 100736 at *2 **(Ex. 8)**.  He sought to proceed on his FLSA claims as a collective action pursuant to 29 U.S.C. §216(b), and on his Michigan claims as a class action pursuant to Rule 23.  ***Id.*** at * 2-3.  In declining to exercise supplemental jurisdiction over Aguilera's MMWL, breach of contract, and unjust enrichment claims, the court concluded that his "breach of contract and unjust enrichment claims will require substantial proofs different from [his] FLSA claim.  Few, if any, of the proof required for the breach of contract and unjust enrichment claims overlap with those required for the FLSA claim." ***Id.*** at * 5.  *See also **Guerrero***, 2007 U.S. Dist. LEXIS 60605 at * 7-8 **(Ex. 10)**.  Similarly, the *Mathews* court dismissed otherwise viable claims brought under state wage-and-hour statutes, concluding that exercising supplemental jurisdiction over those claims would "transform the case from one requiring the application of one or two federal legal standards to a wide [variety] of factual situations, to one in which a dizzying array of state laws would also have to be applied to an equally dizzying number of discrete sets of evidence." ***Mathews***, 2009 U.S. Dist. LEXIS 66290

at *7 ("In such a litigation, the time and attention of the court, the attorneys, and the jury would inevitably be predominantly spent on the myriad state law claims.") **(Ex. 9).**

Additional grounds exist for declining to exercise supplemental jurisdiction under the "exceptional circumstances" provision of 28 U.S.C. § 1367(c)(4), because "the procedural mechanisms for a collective action under the FLSA and a class action for [Plaintiffs'] state law claims under Fed. R. Civ. P. 23 differ fundamentally." *Aguilera*, 2009 U.S. Dist. LEXIS 100736 at * 5-6 **(Ex. 8).** As the *Aguilera* court further concluded in declining to exercise supplemental jurisdiction over the plaintiff's MMWL, breach of contract, and unjust enrichment claims:

> In particular, the FLSA establishes an opt-in mechanism for collective action, 29 U.S.C. § 216(b), while Fed. R. Civ. P. 23 calls for an opt-out mechanism for class action. Courts have described the opt-in and opt-out provisions "opposite," indeed "inherently incompatible." *Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006); *Woodward v. FedEx Freight East,* 250 F.R.D. 178, 182 (M.D. Pa. 2008). Managing a class action under a state law theory, and a collective action under federal law with divergent procedural postures would place administrative demands on the Court and create the possibility of confusion among potential collective action participants and potential class members. Whether viewed as another way in which the state law claims predominate, or as an exceptional circumstance, the difference between the opt-in and opt-out mechanisms, and the demands the difference would place on the litigants as well as the Court, strengthen the Court's decision to decline to exercise supplemental jurisdiction over the state law claims.

*Id.* at * 6. *See also Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 993 (C.D. Cal. 2006) ("[T]he policy behind requiring FLSA plaintiffs to opt-in to the class would largely be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state law statutes that lack such an opt-in requirement.") (internal quotations and citations omitted).

Here, Plaintiffs' MMWL and breach of contract claims -- which they seek to pursue on behalf of a Rule 23 class -- substantially dominate over their FLSA claims, both inasmuch as these claims require substantively different proof and conflict with the opt-in mechanism of 29 U.S.C. § 216(b).  The Court should therefore decline to exercise supplemental jurisdiction over Plaintiffs' MMWL and breach of contract claims pursuant to 28 U.S.C. §§ 1367(c)(2) and/or (4), and those claims should be dismissed.

## IV.     CONCLUSION.

While Plaintiffs remain free to pursue their FLSA claims against Defendants, established legal authority dictates that their MMWL and breach of contract claims against the Minute Men Defendants fail at the outset of this litigation and are subject to immediate dismissal.  For the reasons set forth herein, the Minute Men Defendants respectfully request that their Motion be granted, and that Counts III, IV, and V of the Complaint be dismissed.

Respectfully submitted,

Dated:  June 20, 2011

/s/ William B. Balke
William B. Balke (P35272)
wbalke@littler.com
Gary C. Ankers (P41599)
gankers@littler.com
*LITTLER MENDELSON P.C.*
200 Renaissance Center / Suite 3110
Detroit, Michigan  48243
(313) 446-6403 / (313) 202-3222
(313) 446-6405 (FAX)

Andrew J. Voss (MN 241556)
avoss@littler.com
*LITTLER MENDELSON, P.C.*
1300 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 313-7605 / (612) 630-9626 (FAX)

Robert L. Gross (Not Sworn)
glgross@gross-gross.com
**GROSS & GROSS, L.L.C.**
22901 Millcreek Boulevard, Suite 395
Cleveland, OH  44122
(218) 839-1111, Ext. 15
(218).839.1122 (FAX)

***ATTORNEYS FOR DEFENDANTS
MINUTE MEN, INC., AND MINUTE MEN
STAFFING OF MICHIGAN, INC***

<u>**PROOF OF SERVICE**</u>

The undersigned certifies that on June 20, 2011 the foregoing instrument was filed electronically with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ William B. Balke
William B. Balke

Firmwide:102205727.3 066701.1004

15