## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BLANCHE DENISE JACKSON, ELIZABETH
ANN SIFUENTES, ESMERELDA SIFUENTES,
PHILLIP GOLDEN, an WILLIE MARTINEZ on
behalf of themselves and other persons similarly
situated, known and unknown,

    Plaintiffs,

vs.                                                         **CASE NO. 2:11-CV-11525**

MASTRONARDI PRODUCE LIMITED, a foreign       **HON. PAUL D. BORMAN**
corporation, MASTRONARDI II, LLC, a Michigan
corporation formerly known as MASTRONARDI      **MAG. LAURIE J. MICHELSON**
PRODUCE-USA, LLC, MASTRONARDI
PRODUCE-USA, INC., a Michigan corporation
formerly known as MASTRONARDI PRODUCE,
INC.,

AND

MINUTE MEN, INC., a foreign corporation also
known as MINUTE MEN STAFFING SERVICES,
MINUTE MEN STAFFING OF MICHIGAN,
INC., a Michigan corporation also known as
MINUTE MEN STAFFING SERVICES,

    Defendants.

---

JOHN PHILO (P52721)                          WILLIAM B. BALKE (P35272)
TONY PARIS (P71525)                          GARY C. ANKERS (P41599)
***MAURICE & JANE SUGAR LAW CENTER***        ***LITTLER MENDELSON PLC***
 ***FOR ECONOMIC & SOCIAL JUSTICE***    200 Renaissance Center / Suite 3110
4605 Cass Avenue, Second Floor               Detroit, Michigan  48243
Detroit, Michigan  48201                     (313) 446-6403 / (313) 202-3222
(313) 993-4505 / (313) 887-8470 (FAX)        (313) 446-6405 (FAX)
jphilo@sugarlaw.org                          wbalke@littler.com / gankers@littler.com
tparis@sugarlaw.org                          ***Attorneys for Defendants Minute Men, Inc.***
***Attorneys for Plaintiffs***               ***and Minute Men Staffing Services of***
             ***Michigan, Inc.***

STUART SHOUP (P73923)
ALLYSON OLIVER (P55020)
*KRESCH OLIVER, PLLC*
24100 Southfield Road, Suite 305
Southfield, Michigan  48075
(248) 327-6556 / (248) 436-3385 (FAX)
sshoup@krescholiver.com
*Co-Counsel – Attorneys for Plaintiffs*

ANDREW J. VOSS
JEFFREY A. TIMMERMAN (Not Sworn)
*LITTLER MENDELSON, P.C.*
1300 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 313-7605 / (612) 313-7610
(612) 630-9626 (FAX)
avoss@littler.com / jtimmerman@littler.com
*Attorneys for Defendants Minute Men, Inc.,
and Minute Men Staffing Services of
Michigan, Inc.*

ROBERT L. GROSS (Not Sworn)
*GROSS & GROSS, L.L.C.*
22901 Millcreek Boulevard, Suite 395
Cleveland, OH  44122
(218) 839-1111, Ext. 15
(218) 839-1122 (FAX)
rlgross@gross-gross.com
*Attorneys for Defendants Minute Men, Inc.,
and Minute Men Staffing Services of
Michigan, Inc.*
MARK W. McINERNEY (P29077)
JENNIFER M. BUCKLEY (P38767)
MARY A. KALMINK (P42954)
*CLARK HILL PLC*
500 Woodward Avenue, Suite 3500
Detroit, Michigan  48226
(313) 965-8300 / (313) 965-8252 (FAX)
mmcinerney@clarkhill.com
jbuckley@clarkhill.com
mkalmink@clarkhill.com
*Attorneys for Defendant Mastronardi*

DAVID E. EINSTADIG (P47344)
*THAV GROSS STEINWAY &
  BENNETT PC*
30150 Telegraph Road, Suite 444
Bingham Farms, Michigan  48025
(248) 645-1700 / (248) 645-8205 (FAX)
deinstandig@thavgross.com
*Co-Counsel for Defendants Mastronardi
Produce Limited, Mastronardi II, LLC, and
Mastronardi Produce-USA, Inc.*

## DEFENDANTS MINUTE MEN, INC.'S AND MINUTE MEN STAFFING OF MICHIGAN, INC.'S JOINT MOTION FOR PARTIAL DISMISSAL

Defendants Minute Men, Inc., and Minute Men Staffing of Michigan, Inc. (collectively, "the Minute Men Defendants") respectfully move this Court for an Order dismissing Counts III and V of Plaintiffs' First Amended Complaint and Demand for Jury Trial ("the First Amended Complaint;" Doc. No. 39).

This Motion is based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure, upon all supporting memoranda, documents, and affidavits filed and served in accordance with Local Rule 7.1, and upon all the files, records, and proceedings herein.  Pursuant to Local Rule 7.1(a)(2), a conference between the Minute Men Defendants' counsel and Plaintiffs' counsel was held on June 20, 2011, during which the Minute Men Defendants' counsel explained the nature of this Motion and its legal bases, and a further request for concurrence was made on August 11, 2011.  The Minute Men Defendants' counsel requested, but did not obtain, concurrence in the relief sought in this Motion.

The Minute Men Defendants reserve the right to amend this Motion to seek dismissal, in whole or in part, of additional claims asserted in the First Amended Complaint.

Respectfully submitted,

/s/ William B. Balke
William B. Balke (P35272)
Gary C. Ankers (P41599)
**LITTLER MENDELSON PLC**
200 Renaissance Center / Suite 3110
Detroit, Michigan  48243
(313) 446-6403 / (313) 202-3222
(313) 446-6405 (FAX)
wbalke@littler.com / gankers@littler.com

Andrew J. Voss
Jeffrey A. Timmerman (Not Sworn)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 313-7610 / (612) 630-9626 (FAX)
avoss@littler.com / jtimmerman@littler.com

3

Robert L. Gross (Not Sworn)
***GROSS & GROSS, L.L.C.***
22901 Millcreek Boulevard, Suite 395
Cleveland, OH  44122
(218) 839-1111, Ext. 15
(218).839.1122 (FAX)
rlgross@gross-gross.com
***ATTORNEYS FOR DEFENDANTS***
***MINUTE MEN, INC., AND MINUTE MEN***
***STAFFING OF MICHIGAN, INC.***

Dated:  August 12, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BLANCHE DENISE JACKSON, ELIZABETH
ANN SIFUENTES, ESMERELDA SIFUENTES,
PHILLIP GOLDEN, an WILLIE MARTINEZ on
behalf of themselves and other persons similarly
situated, known and unknown,

       Plaintiffs,

vs.

       **CASE NO. 2:11-CV-11525**

MASTRONARDI PRODUCE LIMITED, a foreign
corporation, MASTRONARDI II, LLC, a Michigan
corporation formerly known as MASTRONARDI
PRODUCE-USA, LLC, MASTRONARDI
PRODUCE-USA, INC., a Michigan corporation
formerly known as MASTRONARDI PRODUCE,
INC.,

       **HON. PAUL D. BORMAN**

       **MAG. LAURIE J. MICHELSON**

AND

MINUTE MEN, INC., a foreign corporation also
known as MINUTE MEN STAFFING SERVICES,
MINUTE MEN STAFFING OF MICHIGAN,
INC., a Michigan corporation also known as
MINUTE MEN STAFFING SERVICES,

       Defendants.

---

JOHN PHILO (P52721)
TONY PARIS (P71525)
***MAURICE & JANE SUGAR LAW CENTER***
 ***FOR ECONOMIC & SOCIAL JUSTICE***
4605 Cass Avenue, Second Floor
Detroit, Michigan  48201
(313) 993-4505 / (313) 887-8470 (FAX)
jphilo@sugarlaw.org
tparis@sugarlaw.org
***Attorneys for Plaintiffs***

WILLIAM B. BALKE (P35272)
GARY C. ANKERS (P41599)
***LITTLER MENDELSON PLC***
200 Renaissance Center, Suite 3110
Detroit, Michigan  48243
(313) 446-6403 / (313) 202-3222
(313) 446-6405 (FAX)
wbalke@littler.com / gankers@littler.com
***Attorneys for Defendants Minute Men, Inc.***
***and Minute Men Staffing Services of***
***Michigan, Inc.***

STUART SHOUP (P73923)
ALLYSON OLIVER (P55020)
*KRESCH OLIVER, PLLC*
24100 Southfield Road, Suite 305
Southfield, Michigan  48075
(248) 327-6556 / (248) 436-3385 (FAX)
sshoup@krescholiver.com
*Co-Counsel – Attorneys for Plaintiffs*

ANDREW J. VOSS
JEFFREY A. TIMMERMAN (Not Sworn)
*LITTLER MENDELSON, P.C.*
1300 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 313-7605 / (612) 313-7610
(612) 630-9626 (FAX)
avoss@littler.com / jtimmerman@littler.com
*Attorneys for Defendants Minute Men, Inc., and Minute Men Staffing Services of Michigan, Inc.*

ROBERT L. GROSS (Not Sworn)
*GROSS & GROSS, L.L.C.*
22901 Millcreek Boulevard, Suite 395
Cleveland, OH  44122
(218) 839-1111, Ext. 15 / (218) 839-1122 (FAX)
rlgross@gross-gross.com
*Attorneys for Defendants Minute Men, Inc., and Minute Men Staffing Services of Michigan, Inc.*

MARK W. McINERNEY (P29077)
JENNIFER M. BUCKLEY (P38767)
MARY A. KALMINK (P42954)
*CLARK HILL PLC*
500 Woodward Avenue, Suite 3500
Detroit, Michigan  48226
(313) 965-8300 / (313) 965-8252 (FAX)
mmcinerney@clarkhill.com
jbuckley@clarkhill.com
mkalmink@clarkhill.com
*Attorneys for Defendant Mastronardi*

DAVID E. EINSTADIG (P47344)
*THAV GROSS STEINWAY & BENNETT PC*
30150 Telegraph Road, Suite 444
Bingham Farms, Michigan  48025
(248) 645-1700 / (248) 645-8205 (FAX)
deinstandig@thavgross.com
*Co-Counsel for Defendants Mastronardi Produce Limited, Mastronardi II, LLC, and Mastronardi Produce-USA, Inc.*

---

## **DEFENDANTS MINUTE MEN, INC.'S AND MINUTE MEN STAFFING OF MICHIGAN, INC.'S BRIEF IN SUPPORT OF THEIR JOINT MOTION FOR PARTIAL DISMISSAL**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF ISSUE PRESENTED.............................................................. v

CONTROLLING AUTHORITIES....................................................................... vi

I.      INTRODUCTION ........................................................................................ 1

II.     SUMMARY OF THE FIRST AMENDED COMPLAINT ALLEGATIONS ................. 2

III.    THE LEGAL ARGUMENT .......................................................................... 3

      A.    The Dismissal Standard Under Rule 12(b)(6) ...................................... 3

      B.    Count III Fails As A Matter Of Law Because Plaintiffs Cannot Maintain A Class Action Under The MMWL ........................................................ 5

           1.    The Plain Language Of The Relevant Portions Of The MMWL............... 5

           2.    The Principles Of Statutory Interpretation................................. 5

           3.    The MMWL Does Not Provide For Class Actions Brought By Employees, And Thus, Count III Must Be Dismissed.............................. 6

           4.    *Shady Grove* Is Entirely Distinguishable................................... 7

      C.    Count V Of The First Amended Complaint Fails To State A Facially-Plausible Claim For Breach Of Contract ............................................. 9

      D.    Alternatively, The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' MMWL and Breach of Contract Claims (Counts III And V)............................................................................ 11

IV.    CONCLUSION.......................................................................................... 15

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Aguilera v. Mich. Turkey Producers Coop., Inc.*,
2009 U.S. Dist. LEXIS 100736 (W.D. Mich. Oct. 8, 2009) .................................. 2, 12, 13, 14

*Ashcroft, et al. v. Iqbal*,
___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) ................................................................ 4, 10, 11

*Battah v. Mort. Elec. Registration Sys.*,
746 F. Supp. 2d 869, 876 (E.D. Mich. Oct. 28, 2010) ........................................................ 10

*Bearden v. Honeywell Int'l, Inc.*,
2010 U.S. Dist. LEXIS 83996, at *30 (M.D. Tenn. Aug. 16, 2010) ...................................... 8

*Bell Atlantic Corp. v. Twombly*,
___ U.S. ___, 127 S.Ct. 1955, 1974 (2007) ..................................................................... 3, 4, 10

*Bundy v. Fed. Nat'l Mort. Ass'n*,
2011 U.S. Dist. LEXIS 27562 (E.D. Mich. Feb. 25, 2011) ........................................... 2, 10

*City of Chicago v. Int'l College of Surgeons*,
522 U.S. 156, 17273 (1997) ................................................................................................. 12

*Currie v. Alcoa Wheel & Forged Prods.*,
577 F.3d 625, 629-30 (6th Cir. 2009) ..................................................................................... 4

*Edwards v. City of Long Beach*,
467 F. Supp. 2d 986, 993 (C.D. Cal. 2006) ......................................................................... 14

*Guerrero v. Brickman Group, LLC*,
2007 U.S. Dist. LEXIS 60605, *6-8 (W.D. Mich. Aug. 17, 2007) ...................................... 13

*Helder v. Sruba*,
462 Mich. 92, 99 (2000) .......................................................................................................... 6

*In re Packaged Ice Antitrust Litigation*,
2011 U.S. Dist. LEXIS 26048 (E.D. Mich. March 11, 2011) ............................................ 2, 7

*In re Whirlpool*,
2010 U.S. Dist. LEXIS 69254, at * 6-8 (N.D. Ohio July 12, 2010) ...................................... 8

*Jarbo v. BAC Home Loan Serv.*,
2010 U.S. Dist. LEXIS 132570, *19 (E.D. Mich. Dec. 15, 2010) ................................... 3, 10

*Johnson v. BNC Mort. Corp.*,
2010 U.S. Dist. LEXIS 93268, *7-8 (E.D. Mich. Sept. 8, 2010) ...................................... 11

*Jones v. City of Carlisle*,
3 F.3d 945, 947 (6th Cir. 1993) .............................................................................................. 3

*Kama v. Elec. Registration Sys., Inc.*,
2010 U.S. Dist. LEXIS 115543, *7-8 (E.D. Mich. Oct. 29, 2010) ...................................... 10

*Livingston Co. Bd. of Social Servs. v. Dep't of Social Servs.*,
208 Mich. App. 402, 406 (1995) ............................................................................................. 5

## TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Mathews v. ALC Partner, Inc.*,
  2009 U.S. Dist. LEXIS 66290, *4-8 (E.D. Mich. July 31, 2009) ................................... 12, 13

*Mayer v. Mylod*,
  988 F.2d 635, 638 (6th Cir. 1993) ............................................................................... 3

*Nastal v. Henderson & Assoc. Investigations, Inc.*,
  471 Mich. 712, 722-723 (2005) ................................................................................. 6

*Pohutski v. Allen Park*,
  465 Mich. 675, 683 (2002) ........................................................................................ 6

*Robinson v. Detroit*,
  462 Mich. 439, 456 (2000) ........................................................................................ 6

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  ___ U.S. ___, 130 S. Ct. 1431 (2010) .................................................................. 7, 8, 9

*Shaya v. Countrywide Home Loans, Inc.*,
  2011 U.S. Dist. LEXIS 29388, *3-4 (E.D. Mich. Mar. 22, 2011) ................................... 3, 10

*South Haven v. Van Buren Co. Bd. of Comm'rs*,
  734 N.W.2d 533, 539 (Mich. 2007) ............................................................................ 6

*United Mine Workers v. Gibbs*,
  383 U.S. 715, 726 (1966) .......................................................................................... 12

*Walen v. Dep't Corr.*,
  443 Mich. 240, 248 (1993) ...................................................................................... 6, 7

## STATUTES

28 U.S.C. § 1367(a) ...................................................................................... 2, 12, 13, 14

29 U.S.C. § 216(b) ......................................................................................... 3, 7, 13, 14

Fair Labor Standards Act ............................................................... 1, 2, 7, 10, 12, 13, 14

Idaho Competition Act, Idaho Code § 48-108(2) ...................................................... 8

Kansas Consumer Protection Act, Kan. Stat. Ann. § 50-634(b) .................................. 8

M.C.L. § 408.382(b) ....................................................................................... 5, 6

M.C.L. § 408.393 .................................................................................... 5, 6, 7, 9

Michigan Minimum Wage Law of 1964 ............................. 1, 3, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15

Montana Consumer Protection Act, Mont. Code Ann. § 30-14-133(1) ....................... 9

Ohio Consumer Protection Act, Ohio Rev. Code. Ann. § 1345.09(A) ......................... 8

Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-109(a)(1) .................. 8

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

**RULES**

Fed. R. Civ. P. 12(b)(6).............................................................................................. 1, 7, 9

Fed. R. Civ. P. 23 ........................................................................................................ 7, 14

## <u>STATEMENT OF ISSUE PRESENTED</u>

Are Defendants Minute Men, Inc., and Minute Men Staffing of Michigan, Inc., entitled to dismissal of Plaintiffs' Michigan Minimum Wage Law and breach of contract claims pursuant to Federal Rule of Civil Procedure 12(b)(6), where: (1) the Michigan Minimum Wage Law does not provide for private class actions; (2) Plaintiffs have failed to state a facially-plausible breach of contract claim; and (3) alternatively, factors exist that dictate the Court should decline to exercise supplemental jurisdiction over those claims?

## CONTROLLING AUTHORITIES

The controlling or most appropriate authorities include: ***In re Packaged Ice Antitrust Litigation***, 2011 U.S. Dist. LEXIS 26048 (E.D. Mich. March 11, 2011) (Borman, J.) **(Ex. 3)**; ***Bundy v. Fed. Nat'l Mort. Ass'n***, 2011 U.S. Dist. LEXIS 27562 (E.D. Mich. Feb. 25, 2011) **(Ex. 6)**, and ***Aguilera v. Mich. Turkey Producers Coop., Inc.***, 2009 U.S. Dist. LEXIS 100736 (W.D. Mich. Oct. 8, 2009) **(Ex. 9)**.

## I.     __INTRODUCTION__

On July 20, 2011, five named plaintiffs − Blanche Jackson, Elizabeth Sifuentes, Esmerelda Sifuentes, Willie Martinez, and Phillip Golden (hereinafter collectively referred to as "Plaintiffs") − filed their nineteen-page First Amended Complaint and Demand for Jury Trial ("the First Amended Complaint"; Doc. No. 39), seeking to hold Defendants Minute Men, Inc., and Minute Men Staffing of Michigan, Inc. (collectively, "the Minute Men Defendants"), and Defendants Mastronardi Produce Limited, Mastronardi II, LLC, and Mastronardi Produce-USA, LLC (collectively, "the Mastronardi Defendants"), jointly and severally liable for alleged violations of the federal Fair Labor Standards Act ("FLSA"), the Michigan Minimum Wage Law of 1964 ("MMWL"), and Michigan common law.[1]

The Minute Men Defendants now seek to dismiss two of Plaintiffs' five claims[2] − Count III (alleging violation of the MMWL's minimum wage provisions), Count IV (alleging violation of the MMWL's overtime provisions), and Count V (alleging breach of contract) − pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Specifically, Count III fails to state a cognizable claim because the MMWL does not provide for private class actions.  Count V of the First Amended Complaint fails on its face because Plaintiffs have not alleged a facially-plausible breach of contract claim against the Minute Men Defendants − that is, Plaintiffs have failed to allege any facts plausibly suggesting the existence or breach of a valid contract with the Minute Men Defendants.  Should the Court not dismiss Counts III and V for the pleading failures, the Court should nevertheless decline to exercise supplemental jurisdiction Plaintiffs'

---

[1] Where appropriate, the Minute Men Defendants and Mastronardi Defendants are hereinafter collectively referred to as "Defendants."

[2] By way of Stipulation, dated August 10, 2011, Plaintiffs have agreed to voluntarily dismiss, with prejudice, Count IV of their Complaint (alleging violations of the MMWL's overtime provision).  Upon information and belief, a Stipulated Order dismissing Count IV was submitted to the Court for entry on August 11, 2011.

MMWL and breach of contract claims (Counts III and V of the First Amended Complaint) pursuant to 28 U.S.C. § 1367(c).

For the reasons that follow, the Minute Men Defendants' Motion should be granted, and Counts III and V of the First Amended Complaint should be dismissed.

## II.   <u>SUMMARY OF THE FIRST AMENDED COMPLAINT ALLEGATIONS</u>

According to the First Amended Complaint, Plaintiffs were formerly jointly employed with the Minute Men Defendants and the Mastronardi Defendants as "line workers," and were placed by the Minute Men Defendants at food processing facilities operated by the Mastronardi Defendants in Romulus, Taylor, and/or Livonia, Michigan (collectively, "the Mastronardi Facilities"). (First Amended Complaint, ¶¶ 4-8, 28-32.) Plaintiffs allege they were not paid for all of their working time, including time spent waiting in a room at the Mastronardi Facilities before and after their work shift, time spent performing work during meal and rest breaks, and working time that was not properly recorded due to mechanical problems with time clocks at the Mastronardi Facilities. (*Id.* at ¶¶ 37-45.) Plaintiffs further claim that Defendants made improper deductions from their compensation for fees associated with transportation to-and-from the Mastronardi facilities, identification badges, and misplaced and/or damaged tools. (*Id.* at ¶¶ 33-36, 45-47.) Finally, Plaintiffs claim that Defendants improperly deducted one-to-two hours each day for meal and rest breaks, but that they were only ever permitted half-hour lunch breaks and were never permitted to take rest breaks. (*Id.* at ¶¶ 40-42.)

Based on these allegations, Plaintiffs purport to bring four claims[3] against Defendants. In Count I, Plaintiffs allege that Defendants violated the FLSA's minimum wage provisions. (First Amended Complaint, ¶¶ 59-66.) In Count II, Plaintiffs allege that Defendants violated the

---

[3] As represented in footnote 2, ***supra***, Plaintiffs have agreed to voluntarily dismiss their fifth claim, Count IV of their First Amended Complaint.

FLSA's overtime provisions. (*Id.* at ¶¶ 67-70.) Plaintiffs seek to proceed on Counts I and II as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf an undefined class of allegedly similarly situated individuals. (*Id.* at ¶¶ 49, 59-70.)

Based on these same allegations, Plaintiffs assert in Count III that Defendants violated the MMWL's minimum wage provision and claim in Count V that Defendants breached an "employment contract" with them. (First Amended Complaint, ¶¶ 71-86.) Plaintiffs seek to proceed on Counts III and V as an "opt-out" class action pursuant to Rule 23(a) and (b), on behalf of a similarly undefined class of individuals. (*Id.* at ¶¶ 51, 71-86.)

## III.   THE LEGAL ARGUMENT

### A.   The Dismissal Standard Under Rule 12(b)(6)

The purpose of a 12(b)(6) motion is "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Under the 12(b)(6) standard, a complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). In applying this basic principle to Count III of the First Amended Complaint, it is clear that Count III must be dismissed.

To withstand a motion to dismiss under Rule 12(b)(6), Plaintiffs must also allege sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007). *Accord Jarbo v. BAC Home Loan Serv.*, 2010 U.S. Dist. LEXIS 132570, *19 (E.D. Mich. Dec. 15, 2010) **(Ex. 1)**. Stated otherwise, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S.Ct. at 1965. *Accord Shaya v. Countrywide Home Loans, Inc.*, 2011 U.S. Dist. LEXIS 29388, *3-4 (E.D. Mich. Mar. 22, 2011) **(Ex. 2)**. "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft, et al. v. Iqbal***, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility[.]"). ***Accord Currie v. Alcoa Wheel & Forged Prods.***, 577 F.3d 625, 629-30 (6th Cir. 2009) (noting that ***Twombly/Iqbal*** standard is designed to screen-out cases that, while not utterly impossible, are "implausible."). In elaborating on ***Twombly***, the Supreme Court in ***Iqbal*** further explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.
>
> * * *
>
> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

***Iqbal***, 129 S.Ct. at 1949-50 (internal quotations and citations omitted).

Accordingly, in scrutinizing the First Amended Complaint, ***Iqbal*** instructs this Court to engage in a "two-pronged approach." ***Id.*** at 1950. The first prong involves weeding-out those allegations which, because they are legal conclusions as opposed to factual allegations, are not entitled to an assumption of truth. The second involves scrutinizing the true factual allegations contained in the First Amended Complaint – which are entitled to an assumption of truth – to

determine whether Plaintiffs have stated a facially-plausible claim.   In applying *Iqbal's* two-pronged analysis to the First Amended Complaint, it is clear that Count V must be dismissed at this time.

> **B.**   **Count III Fails As A Matter Of Law Because Plaintiffs Cannot Maintain A Class Action Under The MMWL**

> > **1.**   **The Plain Language Of The Relevant Portions Of The MMWL**

M.C.L. § 408.393(1), provides as follows with respect to an employee's remedies should an employer violate the MMWL:

> > If any employer violates this act, **the *employee*[4]** affected by the violation, at any time within 3 years, **may**:

> > (a) **Bring a civil action** for the recovery of the difference between the amount paid and the amount that, but for the violation, would have been paid the employee under this act and an equal additional amount as liquidated damages together with costs and such reasonable attorney's fees as may be allowed by the court.

> > (b) **File a claim with the commissioner** who shall investigate the claim (emphasis added).

The same section of the MMWL, M.C.L. § 408.393(2), further provides, in pertinent part, that the right to maintain a class action is vested exclusively in the commissioner:

> > **The *commissioner* may** investigate and **file a civil action** under subsection (1)(a) **on behalf of all employees** of that employer who are **similarly situated at the same work site** and who have not brought a civil action under subsection (1)(a).

> > **2.**   **The Principles Of Statutory Interpretation**

When interpreting statutory language, the goal is to find the intent of the Legislature.

***Livingston Co. Bd. of Social Servs. v. Dep't of Social Servs.***, 208 Mich. App. 402, 406 (1995).

---

[4] The MMWL defines the term "employee" as "**an individual** not less than 16 years of age employed by an employer on the premises of the employer or at a fixed site designated by the employer, and includes a minor employed under section 15(1) of the youth employment standards act, 1978 PA 90, MCL 409.115."   M.C.L. § 408.382(b).

The Legislature is presumed to have intended the plain meaning of its words.  ***Pohutski v. Allen Park***, 465 Mich. 675, 683 (2002).  If the statute's plain and ordinary meaning is clear, judicial construction is neither necessary nor permitted.  ***Nastal v. Henderson & Assoc. Investigations, Inc.***, 471 Mich. 712, 722-723 (2005).  Additionally, the statute's language must be applied without addition, subtraction, or modification.  ***See, e.g., Helder v. Sruba***, 462 Mich. 92, 99 (2000), and the Court may not assume that the Legislature inadvertently made use of one word or phrase instead of another.  ***Robinson v. Detroit***, 462 Mich. 439, 456 (2000).  Moreover, "the Legislature is presumed to be aware of, and thus to have considered the effect on, all existing statutes when enacting new laws."  ***Walen v. Dep't Corr.***, 443 Mich. 240, 248 (1993).

**3.      The MMWL Does Not Provide For Class Actions Brought By Employees, And Thus, Count III Must Be Dismissed**

In this case, the clear language of the MMWL creates and defines the substantive rights of employees aggrieved by employers under the MMWL.  As noted above, M.C.L. § 408.393 provides the following substantive rights/remedies:  **an employee** (which is defined by M.C.L. § 408.382(b) as "**an individual**") may either (1) bring a civil action to recover the amount he should have been paid under the MMWL; or (2) file a claim with the commissioner.  M.C.L. § 408.393(1).   M.C.L. § 408.393(2) goes on to provide that "**[t]he commissioner** [not an employee] **may** investigate and **file a civil action** under subsection (1)(a) **on behalf of all employees** of that employer who are **similarly situated at the same work site** . . . ."  M.C.L. § 408.393(2).

As the Michigan Supreme Court noted, "[w]here a statute gives new rights and prescribes new remedies, such remedies must be strictly pursued; and a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only."  ***South Haven v. Van Buren Co. Bd. of Comm'rs***, 734 N.W.2d 533, 539 (Mich. 2007).  Read together, the plain language of

M.C.L. § 408.393(1)-(2) can only be understood one way. **An individual employee can file a lawsuit under the MMWL only on behalf of himself, but the right to maintain a class action under the MMWL is vested solely in the commissioner**. To be sure, the MMWL does not permit an employee to file claims on behalf of other employees for alleged violations of the MMWL.[5] Thus, a private class action would violate the Michigan Legislature's intent that representative actions would only be brought by the commissioner, after the commissioner is unable to obtain compliance with the MMWL within a reasonable amount of time. M.C.L. § 408.393(2). For these reasons, Count III should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### 4. *Shady Grove* **Is Entirely Distinguishable**

Plaintiffs will undoubtedly argue that the language of the MMWL prohibiting an employee from bringing a class action is not an effective bar to the lawsuit based on the language of Fed. R. Civ. P. 23 and the United States Supreme Court's decision in ***Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.***, ___ U.S. ___, 130 S. Ct. 1431 (2010) (addressing the issue of whether Fed. R. Civ. P. 23 conflicted with a New York state law which precludes class actions in certain contexts). Any such argument, however, is misplaced.

This Court reviewed the ***Shady Grove*** decision in ***In re Packaged Ice Antitrust Litigation***, 2011 U.S. Dist. LEXIS 26048 (E.D. Mich. March 11, 2011) (Borman, J.) **(Ex. 3)**. As this Court noted, Justice Stevens' opinion from ***Shady Grove*** is controlling based on the "narrowest grounds rule." ***In re Packaged Ice***, 2011 U.S. Dist. LEXIS 26048, at *68-69. The effect of Justice Stevens' opinion is that "state laws that categorically prohibit the maintenance

---

[5] This is the complete opposite of the FLSA, which permits an employee to file suit on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). The Michigan Legislature is presumed to have been aware of the distinction it was drawing when it drafted M.C.L. § 408.393(1)-(2). ***Walen***, 443 Mich. at 248.

of class action lawsuits no longer will be an effective bar to such suits if the state law that prohibits them is procedural in nature and is not 'so intertwined' with the right or remedy that it defines the scope of the right." *Id.* at *69. On the other hand, "[a]pplying Justice Stevens' approach, several courts have distinguished [*Shady Grove*] and have concluded that **statutory restrictions on class actions which appear in the very statutes that define the substantive rights at issue survive *Shady Grove* and should continue to be enforced** (emphasis added). *Id.* at *71, n. 4.

For example, in ***Bearden v. Honeywell Int'l, Inc.***, 2010 U.S. Dist. LEXIS 83996, at *30 (M.D. Tenn. Aug. 16, 2010) **(Ex. 4)**, the Court distinguished ***Shady Grove*** because the class action limitation contained in the Texas Consumer Protection Act was not a separate procedural rule, but was "so intertwined with that statute's rights and remedies that it functions to define the scope of the substantive rights."[6] Similarly, in ***In re Whirlpool***, 2010 U.S. Dist. LEXIS 69254, at * 6-8 (N.D. Ohio July 12, 2010) **(Ex. 5)**, the Court held that the class action restriction in the Ohio Consumer Protection Act "is intimately interwoven with the substantive remedies available under the OCSPA" and "[u]nlike the New York rule at issue in *Shady Grove*, [] is not a pan-substantive rule that applies to federal claims or to claims based on other states' laws."[7]

Based on the analyses from ***Beardon*** and ***In re Whirlpool***, this Court explained as follows with respect to the Idaho Competition Act, Idaho Code § 48-108(2); the Kansas Consumer Protection Act, Kan. Stat. Ann. § 50-634(b); and the Montana Consumer Protection

---

[6] The applicable portion of the Tennessee Consumer Protection Act provides that "[a]ny person who suffers an ascertainable loss . . ., as a result of . . . an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages." Tenn. Code Ann. § 47-18-109(a)(1).

[7] The applicable portion of the Ohio Consumer Protection Act provides that "the consumer may, in an individual action, rescind the transaction or recover the consumer's actual economic damages plus an amount not exceeding five thousand dollars in noneconomic damages." Ohio Rev. Code. Ann. § 1345.09(A).

Act, Mont. Code Ann. § 30-14-133(1):

> Although the Court has dismissed the IP Plaintiffs' claims under the laws of Idaho, Kansas and Montana, the Court notes that after *Shady Grove*, class actions would likely continue to be barred in federal court under the statutes at issue in those states. . . . As these restrictions on class actions appear in the substantive statutes under which the IP Plaintiffs would claim relief, they are sufficiently "intertwined" with the substantive rights defined in those statutes to survive under a *Shady Grove* analysis.

*In re Packaged Ice*, 2011 U.S. Dist. LEXIS 26048, at *71, n. 4.

M.C.L. § 408.393(1)-(2) is akin to the above statutes that have survived the ***Shady Grove*** analysis. By failing to include class action language in the private litigation subsection, M.C.L. § 408.393(1), while simultaneously including class action language in the commissioner subsection, M.C.L. § 408.393(2), the unambiguous intent of the Michigan legislature was clearly to preclude private litigants from bringing class claims under the MMWL. Just as this Court held in ***In re Packaged Ice***, 2011 U.S. Dist. LEXIS 26048, at *71, n. 4, "these restrictions on class actions appear in [the MMWL,] the substantive statute under which [the Plaintiffs] claim relief, [and] they are sufficiently 'intertwined' with the substantive rights defined in [the MMWL] to survive under a *Shady Grove* analysis." For all of the above reasons, Count III should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## C.   Count V Of The First Amended Complaint Fails To State A Facially-Plausible Claim For Breach Of Contract

In Count V of the First Amended Complaint, Plaintiffs purport to state a claim for breach of an alleged "employment contract." (First Amended Complaint, ¶¶ 83-86.) This claim fails on its face, because Plaintiffs have not alleged any facts, as opposed to legal conclusions, from which the Court could reasonably infer that a valid employment contract existed between Plaintiffs and the Minute Men Defendants, let alone that the Minute Men Defendants breached

an employment contract with Plaintiffs.[8]

The elements of a breach of contract claim under Michigan law are: (1) the existence of a contract between the parties; (2) the terms of the contract require performance of certain specific actions; (3) a party breached the contract; and (4) the breach caused the other party injury.  *See Bundy v. Fed. Nat'l Mort. Ass'n*, 2011 U.S. Dist. LEXIS 27562, *22 (E.D. Mich. Feb. 25, 2011) (citations omitted) **(Ex. 6)**.  This Court routinely dismisses breach of contract claims that fail to meet the pleading requirements of ***Twombly*** and ***Iqbal*** − *i.e.*, those that fail to allege facially-plausible facts regarding each element of a claim for breach of contract under Michigan law. ***See, e.g., Shaya***, 2011 U.S. Dist. LEXIS 29388 at *14-16 (dismissing breach of mortgage contract claim, where plaintiffs failed to allege, among other things, facts explaining which material facts were not disclosed, how defendant's alleged statements were false or misleading, or which contractual provisions defendant breached) **(Ex. 2)**; ***Bundy***, 2011 U.S. Dist. LEXIS at *22-23 (dismissing breach of contract claim, where plaintiff alleged "nothing more than unadorned, the defendant-unlawfully-harmed-me accusations") (internal quotations and citations omitted) **(Ex. 6)**; ***Jarbo***, 2010 U.S. Dist. LEXIS at *38 (dismissing breach of contract claim, where plaintiffs failed to specify what contracts were allegedly breached and provided no specific contract provision or identifiable term breached by any specific defendant) **(Ex. 1)**; ***Kama v. Elec. Registration Sys., Inc.***, 2010 U.S. Dist. LEXIS 115543, *7-8 (E.D. Mich. Oct. 29, 2010) (dismissing breach of contract claim, where plaintiff claimed defendants assessed illegal charges and fees beyond that provided for in the initial contract) **(Ex. 7)**; ***Battah v. Mort. Elec. Registration Sys.***, 746 F. Supp. 2d 869, 876 (E.D. Mich. Oct. 28, 2010) (dismissing breach of

---

[8] Plaintiffs' motive for asserting a breach of contract claim is clear: they seek to benefit from the six-year statute of limitations that claim brings with it.  In reality, Plaintiffs' breach of contract claim is nothing more than a creative recasting of their FLSA and MMWL minimum wage and overtime claims, unsupported by any factual predicate.

contract claim, where plaintiff failed to provide any facts as to any breach); *Johnson v. BNC Mort. Corp.*, 2010 U.S. Dist. LEXIS 93268, *7-8 (E.D. Mich. Sept. 8, 2010) (dismissing breach of contract claim, where plaintiff failed to allege any facts from which the court could reasonably determine the existence of a valid contract, the terms of such a contract, the nature of defendant's obligations under the contract, the circumstances that gave rise to the breach, or the ways in which plaintiff was allegedly harmed) **(Ex. 8).**

While Plaintiffs have vaguely alleged the existence and breach of an "employment contract" (*see* First Amended Complaint ¶¶ 83-86), these allegations amount to nothing more than threadbare legal conclusions regarding the existence of undefined contractual obligations that are simply not entitled to an assumption of truth. The First Amended Complaint is devoid of any factual content regarding the formation or existence of a valid employment contract, the specific terms of that alleged contract, which particular contractual provisions were allegedly breached, or even which of the five party Defendants allegedly breached its alleged contractual obligations to Plaintiffs. Indeed, Plaintiffs have even failed to allege whether their purported "employment contract" with Defendants was reduced to writing, as opposed to oral or implied through other documents or communications. In other words, the First Amended Complaint alleges − but it does not show through the assertion of *specific, provable facts* − that Plaintiffs are entitled to relief for alleged breach of an "employment contract." *See Iqbal*, 129 S. Ct. at 1949. Accordingly, Count V of the First Amended Complaint must be dismissed.

### D.    **Alternatively, The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' MMWL and Breach of Contract Claims (Counts III And V)**

Even if the Court determines that Counts III or V survive despite the above arguments, the Court should decline to exercise supplemental jurisdiction over these claims. The Minute Men Defendants do not dispute that the Court has supplemental jurisdiction over Plaintiffs'

MMWL and breach of contract claims.  *See* 28 U.S.C. § 1367(a).  The Court may, however, decline to exercise supplemental jurisdiction over Plaintiffs' MMWL and breach of contract claims if:

> (1) these claims raise a novel or complex issue of State law;
>
> (2) these claims substantially predominate over the claims over which the Court has original jurisdiction;
>
> (3) the Court has dismissed all claims over which it has original jurisdiction; or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*See* 28 U.S.C. § 1367(c).  *See also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 17273 (1997) (noting that, in determining whether to exercise supplemental jurisdiction, courts must consider "principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.") (internal citation omitted).

Two of these factors militate against the Court exercising supplemental jurisdiction over Plaintiffs' MMWL and breach of contract claims.  First, Plaintiffs' MMWL and breach of contract claims substantially dominate over their FLSA claims.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (noting that state law claims may predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.").  *Accord Aguilera v. Mich. Turkey Producers Coop., Inc.*, 2009 U.S. Dist. LEXIS 100736, *2-7 (W.D. Mich. Oct. 8, 2009) (declining to exercise supplemental jurisdiction over FLSA plaintiff's MMWL, breach of contract, and unjust enrichment claims predicated on alleged off-the-clock "donning and doffing") **(Ex. 9)**.  *See also Mathews v. ALC Partner, Inc.*, 2009 U.S. Dist. LEXIS 66290, *4-8 (E.D. Mich. July 31, 2009) (declining to exercise supplemental jurisdiction over FLSA plaintiffs' state law claims predicated, among other things, on allegedly improper wage deductions and failure to provide meal breaks) **(Ex. 10)**; *Guerrero v. Brickman Group,*

*LLC*, 2007 U.S. Dist. LEXIS 60605, *6-8 (W.D. Mich. Aug. 17, 2007) (declining to exercise supplemental jurisdiction over FLSA plaintiff's state law breach of contract and unjust enrichment claims predicated on allegedly improper deductions for visa fees, recruitment fees, transportation costs, uniform costs, and housing costs) **(Ex. 11).**

 *Aguilera* is instructive.  The plaintiff in *Aguilera* asserted claims under the FLSA and MMWL, and claims under Michigan law for breach of contract and unjust enrichment.  ***See Aguilera***, 2009 U.S. Dist. LEXIS 100736 at *2 **(Ex. 9).**  He sought to proceed on his FLSA claims as a collective action pursuant to 29 U.S.C. §216(b), and on his Michigan claims as a class action pursuant to Rule 23.  ***Id.*** at * 2-3.  In declining to exercise supplemental jurisdiction over Aguilera's MMWL, breach of contract, and unjust enrichment claims, the court concluded that his "breach of contract and unjust enrichment claims will require substantial proofs different from [his] FLSA claim.  Few, if any, of the proof required for the breach of contract and unjust enrichment claims overlap with those required for the FLSA claim."  ***Id.*** at * 5.  ***See also Guerrero***, 2007 U.S. Dist. LEXIS 60605 at * 7-8 **(Ex. 11).**  Similarly, the ***Mathews*** court dismissed otherwise viable claims brought under state wage-and-hour statutes, concluding that exercising supplemental jurisdiction over those claims would "transform the case from one requiring the application of one or two federal legal standards to a wide [variety] of factual situations, to one in which a dizzying array of state laws would also have to be applied to an equally dizzying number of discrete sets of evidence."  ***Mathews***, 2009 U.S. Dist. LEXIS 66290 at *7 ("In such a litigation, the time and attention of the court, the attorneys, and the jury would inevitably be predominantly spent on the myriad state law claims.") **(Ex. 10).**

 Additional grounds exist for declining to exercise supplemental jurisdiction under the "exceptional circumstances" provision of 28 U.S.C. § 1367(c)(4), because "the procedural

mechanisms for a collective action under the FLSA and a class action for [Plaintiffs'] state law claims under Fed. R. Civ. P. 23 differ fundamentally." *Aguilera*, 2009 U.S. Dist. LEXIS 100736 at * 5-6 **(Ex. 9)**.  As the *Aguilera* court further concluded in declining to exercise supplemental jurisdiction over the plaintiff's MMWL, breach of contract, and unjust enrichment claims:

> In particular, the FLSA establishes an opt-in mechanism for collective action, 29 U.S.C. § 216(b), while Fed. R. Civ. P. 23 calls for an opt-out mechanism for class action.  Courts have described the opt-in and opt-out provisions "opposite," indeed "inherently incompatible." *Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006); *Woodward v. FedEx Freight East*, 250 F.R.D. 178, 182 (M.D. Pa. 2008).  Managing a class action under a state law theory, and a collective action under federal law with divergent procedural postures would place administrative demands on the Court and create the possibility of confusion among potential collective action participants and potential class members.  Whether viewed as another way in which the state law claims predominate, or as an exceptional circumstance, the difference between the opt-in and opt-out mechanisms, and the demands the difference would place on the litigants as well as the Court, strengthen the Court's decision to decline to exercise supplemental jurisdiction over the state law claims.

*Id.* at * 6.  *See also Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 993 (C.D. Cal. 2006) ("[T]he policy behind requiring FLSA plaintiffs to opt-in to the class would largely be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state law statutes that lack such an opt-in requirement.") (internal quotations and citations omitted).

Here, Plaintiffs' MMWL and breach of contract claims − which they seek to pursue on behalf of a Rule 23 class − substantially dominate over their FLSA claims, both inasmuch as these claims require substantively different proof and conflict with the opt-in mechanism of 29 U.S.C. § 216(b).  The Court should therefore decline to exercise supplemental jurisdiction over Plaintiffs' MMWL and breach of contract claims pursuant to 28 U.S.C. §§ 1367(c)(2) and/or (4), and those claims should be dismissed.

IV.    **CONCLUSION**

Established legal authority dictates that their MMWL and breach of contract claims against the Minute Men Defendants fail at the outset of this litigation and are subject to immediate dismissal.  For the reasons set forth herein, the Minute Men Defendants respectfully request that their Motion be granted, and that Counts III and V of the First Amended Complaint be dismissed.

Respectfully submitted,

/s/ William B. Balke
William B. Balke (P35272)
Gary C. Ankers (P41599)
*LITTLER MENDELSON PLC*
200 Renaissance Center, Suite 3110
Detroit, Michigan  48243
(313) 446-6403 / (313) 202-3222
(313) 446-6405 (FAX)
wbalke@littler.com / gankers@littler.com

Andrew J. Voss
Jeffrey A. Timmerman (Not Sworn)
*LITTLER MENDELSON, P.C.*
1300 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 313-7610 / (612) 630-9626 (FAX)
avoss@littler.com / jtimmerman@littler.com

Robert L. Gross (Not Sworn)
*GROSS & GROSS, L.L.C.*
22901 Millcreek Boulevard, Suite 395
Cleveland, OH  44122
(218) 839-1111, Ext. 15 / (218).839.1122 (FAX)
rlgross@gross-gross.com

*ATTORNEYS FOR DEFENDANTS*
*MINUTE MEN, INC., AND MINUTE MEN*
Dated:  August 12, 2011          *STAFFING OF MICHIGAN, INC.*

15

**<u>PROOF OF SERVICE</u>**

The undersigned certifies that on August 12, 2011 the foregoing instrument was filed electronically with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ William B. Balke

William B. Balke
