UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLANCHE DENISE JACKSON, et al.,

      Plaintiffs,                                         Case No. 11-11525

v.                                                         Paul D. Borman
                                                            United States District Judge

MASTRONARDI II, LLC, et al.,

      Defendants.
_____/

## AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL

In this Action, this Court granted final approval of the Confidential Class and Collective Action Settlement Agreement and Covenant Not to Sue ("Settlement Agreement" or "Settlement")[1] on October 31, 2014. Due and adequate notice having been given to the Settlement Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had in this Action and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Action, and good cause appearing

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.       This Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all Class Members.

2.       The Court grants final approval of the settlement of this class and collective action in accordance with the terms set forth in the Settlement Agreement. Final approval shall be with respect to all non-exempt or hourly paid Defendant Minute Men employees placed by Defendant Minute Men at a Mastronardi Facility between April 11, 2008 and July 2, 2011, consistent with the

---

[1] This Final Judgment and Order of Dismissal incorporates by reference the definitions set forth in Settlement Agreement.

terms set forth in the Settlement Agreement.

3.      The distribution of the Notice Packet to Class Members as set forth in the Settlement Agreement has been completed in conformity with the April 22, 2014 Order Granting Preliminary Approval of Class and Collective Action Settlement. In addition, notice of the Settlement was published in Latino Press Detroit News. The Class Notice provided adequate notice to the Settlement Class of the proceedings in the Action, including the proposed settlement terms as set forth in the Settlement Agreement. The Court finds that Notice, which was mailed to the Settlement Class and published in the papers identified in this paragraph, duly informed the Settlement Class of the Settlement's terms, the fact and date of the Final Approval Hearing, and that it was the best notice practicable. It thereby satisfies the requirements of due process under the Federal and Michigan Rules of Civil Procedure and applicable common law.

4.      The Court finds that the Settlement satisfies the standard for approval of a collective action settlement under the Fair Labor Settlement Act §16(b), 29 U.S.C. §216(b) ("FLSA"). The Settlement Agreement resolves a bona fide dispute under the FLSA and contains terms that seek to avoid further actions under the FLSA and the Michigan Minimum Wage Law. In addition, the Court finds that the Settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed Settlement Class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Named Plaintiffs are adequate representatives of the Settlement Class, in that they are members of that Settlement Class and possess the same interests and suffered the same injuries as Settlement Class' other members. The Settlement Class encompasses persons with like factual circumstances and like claims. The Net Settlement Amount

made available to Class Members in the form of an Individual Settlement Payment is commensurate with their c1aims. The Court finds that the Settlement is fair, reasonable, and adequate as to the Class Members, and qualities for final approval under Rule 23(e).

5. The Court hereby approves the terms set forth in the Settlement Agreement and finds that the Settlement Agreement is, in all respects, fair, just, adequate, and reasonable and directs the Parties to effectuate the Settlement Agreement according to its terms. The Court finds that the Settlement Agreement has been reached as a result of informed and non-collusive arm's-length negotiations. The Court further finds that the Parties have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions.

6. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided as part of the Settlement in light of the challenges posed by continued litigation, the Court concludes that Class Counsel secured significant relief for Class Members.

7. The Settlement Agreement is not an admission by Defendant Minute Men or Defendant Mastronardi or by any of the other Released Parties, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant Minute Men or Defendant Mastronardi or any of the other Released Parties. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant Minute Men or Defendant Mastronardi or any of the other Released Parties.

8. Defendant Minute Men and Defendant Mastronardi shall pay the Participating Class Members from the Net Settlement Amount pursuant to the procedure described in the Settlement Agreement. Defendant Minute Men and Defendant Mastronardi shall have no further liability in this Action for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as otherwise provided in Paragraph 9 of the Settlement Agreement.

9. Based upon the evidence submitted, the Court finds that Named Plaintiffs and their counsel's investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that their interests were aligned with those of the Settlement Class. The Court therefore confirms its original finding that the Named Plaintiffs are suitable representatives and hereby appoints the Named Plaintiffs as representatives for the Settlement Class.

10. Based upon the evidence submitted and in consideration of the manner in which counsel have prosecuted and settled the Action, the Court finds that the Maurice & Jane Sugar Law Center for Economic and Social Justice and The Oliver Law Group, P.C. have the requisite knowledge, experience, and skill to advance the interests of the Settlement Class. The Court therefore confirms its original finding that the Maurice & Jane Sugar Law Center for Economic and Social Justice and The Oliver Law Group, P.C. satisfy the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints the Maurice & Jane Sugar Law Center for Economic and Social Justice and The Oliver Law Group, P.C. as counsel for the Settlement Class.

11. The Court hereby awards attorneys' fees and costs in the total amount of $156,250 to Class Counsel to be paid from the Class Settlement Amount. The Court finds that the requested fees and costs are within the range of reasonableness in a class and collective action such as this.

Moreover, Class Counsel have substantiated the fee award with a lodestar cross-check analysis, demonstrating to the Court's satisfaction that the attorney rates and hours billed to the litigation were reasonable.

12. The Court approves claims administration expenses in the amount of $56,000 to Simpluris, Inc. to be paid from the Class Settlement Amount.

13. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Class Members also have had a full and fair opportunity to exclude themselves from the proposed settlement of this class and collective action. Accordingly, the terms of the Settlement Agreement and of the Court's Final Judgment and Order of Dismissal shall be forever binding on all members of the Settlement Class who did not timely exclude themselves from the Settlement and Agreement. These Class Members have released and forever discharged the Released Parties from any and all Released Claims of Class Members as set forth in the Settlement Agreement. To effectuate the Settlement, the Court hereby orders that all members of the Settlement Class who did not timely exclude themselves from the Settlement and Agreement are barred, enjoined, and restrained from commencing, prosecuting, seeking to reopen, or asserting any Released Claim of Class Members against the Released Parties in any forum.

14. The Court hereby orders that the Released Claims of Class Members are dismissed with prejudice, with the Parties to bear their own costs, expenses and fees, except as otherwise provided in Paragraph 9 of the Settlement Agreement.

15. Defendant Minute Men's and Defendant Mastronardi's respective cross claims and counterclaims are hereby dismissed with prejudice, but only to the extent that they arise out of the

claims that are released by the terms of the Settlement Agreement. To the extent that any cross claims and counterclaims between Defendant Minute Men and Defendant Mastronardi have not been released by the Settlement Agreement, such cross claims and counter claims are dismissed without prejudice. Defendant Minute Men and Defendant Mastronardi shall bear their own costs, fees and expenses incurred or to be incurred by them in their defense, litigation or administration of the Action or the Settlement.

16. The Court hereby orders that Defendant Minute Men and Defendant Mastronardi shall deposit, in accordance with the terms of the Settlement Agreement, their remaining shares of the Class Settlement Amount into the Qualified Settlement Fund ("QSF") by the later of: (1) sixty (60) calendar days after entry of this Final Judgment and Order of Dismissal if there are no objections filed; (2) eighty-five (85) calendar days after entry of this Final Judgment and Order of Dismissal, if there are objections filed, but no appeals filed; or (3) sixty (60) calendar days of the resolution of any appeal of this Final Judgment and Order of Dismissal if an appeal is filed and is unsuccessful.

17. The Court retains jurisdiction over the parties to enforce the terms of the Final Judgment and Order of Dismissal and the Settlement Agreement.

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 12, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 12, 2014.

                                        s/Deborah Tofil
                                        Case Manager